### George Hanners v. The State.

No. 10015.   Delivered May 12, 1926.

#### 1.—Murder—Dying Declaration—Properly Admitted.

Where a witness lays a proper predicate for testimony of a dying declaration of deceased, it is proper for the court to admit such dying declaration, and if the predicate laid is attacked by other witnesses, to submit that issue in appropriate instructions to the jury to decide which of the witnesses they would believe, or whether deceased in fact made the statements. Following Walker v. State, 85 Tex. Crim. Rep. 482.

#### 2.—Same—Continued.

Where deceased stated to a witness not to let his wife know about his condition, as he did not want her to grieve about him, such statement was properly admitted, it being a part of the predicate for the introduction of his dying declaration, and being made in connection with deceased's other statements showing his knowledge of the serious nature of his wounds, and that he realized approaching death.

#### 3.—Same—Evidence—Res Gestae—Improperly Excluded.

Where appellant, on trial for murder, was not permitted to prove that within two minutes after the difficulty, and before the defendant or deceased had left the scene, the appellant stated to the witness, "Go down there and see if I have hurt him. I hate it if I have hurt him, I had just as soon hit a brother as to hit him." It was error for the court to exclude this testimony, it being along a res gestae declaration and admissible to show intent on the part of the defendant. Following Bateson v. State, 46 Tex. Crim. Rep. 34, and cases therein cited.

#### 4.—Same—Evidence—Opinion of Witness—Properly Excluded.

Where appellant sought to prove by an eyewitness to the difficulty

that he thought, from all the acts and conduct upon the part of deceased and what the deceased said, that the deceased was going to draw a pistol, and shoot the defendant. What the witness thought being the opinion of the witness, was properly excluded by the court. See *Dunne v. State*, 263 S. W. 608; *Harris v. State*, 274 S. W. 568.

**5.—Same—Charge of Court—Reasonable Doubt Between Degrees—Improperly Omitted.**

Where the court, on a trial for murder, charged on manslaughter, aggravated assault and assault and battery, it was error to fail to charge that if the jury had a reasonable doubt as to whether appellant was guilty of murder, or of manslaughter, or of aggravated assault, or of an assault and battery, to give him the benefit of the doubt as between these different degrees of the offense. See *Richards v. State*, 91 Tex. Crim. Rep. 318.

**6.—Same—Charge of Court—On Weight of Evidence—Improper.**

Where the court, in submitting the question of the dying declaration of the deceased, told the jury "You are instructed that before you can consider such statement it must be satisfactorily proven that at the time of making such declaration, deceased was conscious, etc., such charge was objectionable as being upon the weight of the evidence in that it assumes that deceased made the statement testified to by his brother, and the predicate laid for the introduction of the dying declaration was contradicted by other witnesses.

Appeal from the District Court of Hardeman County. Tried below before the Hon. Robert Cole, Judge.

Appeal from a conviction of murder, penalty twenty-five years in the penitentiary.

The opinion states the case.

*A. J. Fires* and *Chas. L. Black,* for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was convicted in the District Court of Hardeman County for the offense of murder, and his punishment assessed at twenty-five years in the penitentiary.

The record discloses that the appellant, the deceased, Wesley Taylor, and about fifteen other persons were engaged in a "crap" game on a Sunday afternoon, about the 19th day of April, 1925, when a dispute arose between the deceased and the appellant over a bet, in which the deceased cursed and abused the appellant. Afterwards, they settled the dispute and resumed gambling, but another controversy arose over a subsequent bet, which culminated in the appellant cutting deceased with a knife, from the effects of which he died two or three days thereafter. It was the contention of the state that the homicide was without cause

or provocation, and that the deceased was cut by the appellant without warning or his expectation. The appellant defended upon the ground of threats and self-defense, and all of the defendant's witnesses who were present at the time of the difficulty, and all of the state's witnesses except one or two, testified alike to the effect that the deceased was under the influence of whiskey, and that in both controversies he cursed and abused the appellant and threatened to shoot him. The vast majority of the witnesses also testified that the deceased ran his hand in his bosom, and threatened to shoot the appellant immediately before the fatal blow was struck. Practically all of the witnesses testified that the appellant repeatedly told the deceased that he didn't want to have any trouble with him, and not to curse him for a son-of-a-bitch; that his mother was dead; that their parents had been friends for many years; and that after the first dispute he, appellant, started home, when the deceased interfered and insisted that they make friends and resume their playing, promising that he would desist from making any further trouble.

We find ten or twelve bills of exception in the record, but deem it necessary to discuss only those which we think raise the important questions to be determined on this appeal. Bills 2 and 3 complain of an alleged prejudiced juror, and to the refusal of the court, upon the hearing of the motion for new trial, to grant said motion by reason thereof. In view of the disposition we have made of this case, we deem it unnecessary to discuss these questions, as they will not arise upon another trial.

Bills 4, 5 and 6 complain of the action of the court in permitting the witness, Joe Taylor, to testify to the alleged dying declarations of the deceased as to how said difficulty arose, the witness further testifying that the deceased requested him not to let his wife know it, as he did not want her to grieve. The objection raised by appellant to this testimony was that there was not a proper predicate laid, and that the doctor who waited upon the deceased testified that the deceased told him four hours later that he was going to get well; the appellant contending that under the facts of the case the testimony of deceased's brother as to the dying declarations of deceased should not have been admitted. We are unable to agree with this contention and think that the court was right in admitting the testimony, and that same should have been left to the jury, under appropriate instructions, to decide which of the witnesses they would

believe, or whether deceased made such statements. Walker v. State, 85 Tex. Crim. Rep. 482, 214 S. W. 331.

We think the objection by the appellant to that portion of the testimony as to what the deceased said with reference to not wanting his wife to know of his condition, on account of her grieving, is not tenable. This was a part of the predicate and made in connection with deceased's other statements showing his knowledge of the serious nature of his wounds, and that he realized approaching death.

Bill No. 7 complains of the refusal of the court to permit the witness, Quick, to testify that within two minutes after the difficulty, and before the defendant or the deceased had left the place of the difficulty, the appellant made the following statement to said witness: "Go down there and see if I hurt him. I hate it if I hurt him, I had just as soon hit a brother as to hit him." The state contended that this was self-serving evidence, and appellant contends that it was res gestae and admissible to show intent on the part of the defendant. We think the appellant's contention is well taken and that the court was in error in refusing to admit said testimony. Bateson v. State, 46 Tex. Crim. Rep. 34, 80 S. W. 88, and authorities therein cited.

Bill No. 9 complains of the action of the court in refusing to permit the witness, Rockholt, to testify, in effect, that just immediately before the appellant cut the deceased, the latter had his hand in his bosom, and had threatened to shoot the appellant, and that "he thought from all the acts and conduct upon the part of the deceased, and what the deceased said, that the deceased was going to draw a pistol and shoot the defendant." We are of the opinion that there is no error in the court's ruling out that portion of the witness' testimony as to what he thought the deceased was going to do. Dunne v. State, 263 S. W. 608; Harris v. State, 274 S. W. 568.

The court charged on murder, manslaughter, aggravated assault, and assault and battery. The objections to the court's charge are very numerous, and on that account we are unable to discuss same in detail, but will only make mention of such matters as we think will clarify the criticisms lodged against same.

The appellant, in various ways, complains of the court's failure to apply the law to the facts of the case, and we suggest that upon another trial the court amplify his charge in this particular.

It is also urged that the court, in charging on manslaughter,

aggravated assault and assault and battery in separate paragraphs, erred in failing to instruct the jury that if they had a reasonable doubt as to whether appellant was guilty of manslaughter, aggravated assault, or assault and battery, to give him the benefit of the doubt. We think the court erred in failing to amend his charge in these particulars so as to comply with the objections raised thereto. Richards v. State, 91 Tex. Crim. Rep. 318.

Criticism is also lodged against the court's supplemental charge, wherein he submits to the jury the alleged dying statement which the state contended was made by the deceased to his brother, Joe Taylor, in that said charge was upon the weight of the testimony. The court, among other things, in this instance charged the jury: "You are instructed that before you can consider such statement, it must be satisfactorily proven that at the time of making such declarations deceased was conscious," etc. We think the contention of the appellant is correct, and that this charge assumes that the deceased made the statement testified to by his brother, and same was harmful, in view of the fact that Dr. McDaniel testified that he had a conversation with the deceased four hours later in which he stated that he was going to get well.

For the errors above discussed, we are of the opinion that the judgment of the trial court should be reversed and remanded, and it is accordingly so ordered.

*Reversed and remanded.*