TANDY WILHEIT V. THE STATE.

No. 10907.    Delivered May 18, 1927.

Rehearing denied October 19, 1927.

**1.—Aggravated Assault—Opinion of Witness—Properly Excluded.**

Where on a trial for assault to murder, resulting in a conviction of an aggravated assault, an eye-witness testifying for appellant was permitted to detail all the facts and circumstances surrounding the difficulty known to him, there was no error in refusing said witness to testify that it appeared to him that McGuire, the prosecuting witness, was trying to shoot with the gun at the time appellant hit him with the rock. See Hanners v. State, 104 Tex. Crim. Rep. 442, and other cases cited.

**2.—Same—Evidence—Of   Collaterial   Matter—Not   Pertinent—Properly Excluded.**

Where the impounding of appellant's stock by prosecuting witness, McGuire, who was the city marshall of Desdemona, was not the moving inducement of the assault, there was no error in refusing to permit the appellant to prove that some several months subsequent to the assault, he sued and got judgment against the City of Desdomona for unlawfully impounding his stock.

**3.—Same—Bill of Exception—Incomplete—Presents No Error.**

Where appellant complains because objection was sustained to certain questions propounded to prosecuting witness by him on cross-examination and his bill of exception does not show what evidence was expected to be developed as a result of such questions, nothing is presented to this court for review.

**4.—Same—Evidence—Properly Excluded.**

Where appellant was permitted to bring out matters relative to the impounding of his cattle by the marshall of Desdemona, which occurred

prior to the alleged assault, there was no error in the court excluding the inquiry as to matters which occurred subsequent to said assault, they having no relation to, nor connection with, the assault.

### 5.—Same—Argument of Counsel—No Reversible Error Shown.

Where appellant complains of the argument of state's counsel and the refusal of the court to direct the jury to disregard that part objected to, and his bill is qualified with the statement by the court, that he did instruct the jury to disregard the argument objected to, appellant is bound by this qualification, and no error is presented.

#### ON REHEARING.

### 6.—Same—Bill of Exception—Incomplete—Presents No Error.

Where appellant complains of argument of counsel for the state, and his bill presenting the matter sets forth only the objection made thereto, and in no wise certifies or brings before us what in fact was said by the State's Attorney, such bill is incomplete and shows no error.

### 7.—Same—Evidence—Held Sufficient.

Where the evidence for the state established that appellant's son and son-in-law were in the act of assaulting prosecuting witness McGuire, and that at the time of such assault appellant rushed up and struck McGuire on the head with a rock, we cannot agree that the evidence was insufficient to support the conviction.

Appeal from the District Court of Eastland County. Tried below before the Hon. Elzo Bean, Judge.

Appeal from a conviction of an aggravated assault, penalty a fine of $800.00 and 90 days imprisonment in the county jail.

The opinion states the case.

*Grisham Bros.* and *Chastain & Judkins,* for appellant

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

HAWKINS, JUDGE.—Appellant was tried upon an indictment charging him with assault to murder W. C. McGuire. Conviction of aggravated assault resulted and his punishment was assessed at a fine of $800.00 and 90 days' imprisonment in the county jail.

McGuire was City Marshall of the town of Desdemona. Appellant owned a number of cattle. McGuire, acting in his official capacity had impounded some of them. Appellant insisted that the town had no ordinance authorizing this to be done. McGuire told appellant he was acting under directions from the alderman

and mayor. The cattle had been in the pound for several days when a fight occurred between appellant and McGuire, brought on by appellant charging McGuire with failing to feed and water the impounded stock. The evidence of the state indicates that appellant was the aggressor. The evidence of appellant is to the contrary. In this fight, appellant was considerably worsted, receiving a broken jaw, some teeth knocked out, and one eye bruised and closed. After appellant realized that McGuire had gotten the best of the fist fight he picked up a rock, apparently to renew the fight, whereupon McGuire drew his pistol and made appellant throw the rock down. About the time the fight ended, Norris, a son-in-law of appellant, came up. He took no part in it but expressed some indignation at the treatment of appellant at the hands of McGuire. Appellant made some talk that McGuire could not arrest him, to which the latter replied that if it became necessary to do so he could do it. McGuire went to the mayor's house to report to him what had occurred. Appellant found one of the aldermen who went with him to the pound to investigate the appellant's complaint that the stock had not been properly fed and watered. While they were at the pound, Alton Wilheit, (a son of appellant) and appellant's two sons-in-law, Norris and McDonald, all appeared on the scene. When Alton observed his father's appearance he inquired where the "s— of a b— was," referring to McGuire. The state's evidence is to the effect that to this inquiry appellant said nothing, while appellant's is that he told Alton to stay out of it, that the fight was over and that McGuire was out of town. After Alton made the inquiry he, Norris and McDonald started toward the business part of town, which was only about a block away. About the time they reached a point near the postoffice, McGuire and the mayor drove up in a car. As soon as McGuire got out of the car Alton asked him if he (McGuire) would fight him fair. McGuire replied in the affirmative, but asked him to wait a minute. About this time McDonald struck McGuire from behind, and according to the state's evidence, all of them grabbed McGuire. He testified that he drew his pistol and fired at McDonald, but missed him on account of some one having hold of his hand. He says he was trying to shoot all of them because all of them were on him. A considerable scuffle ensued over the pistol and the parties had gotten McGuire down when appellant came running upon the scene with a rock in his hand with which he struck McGuire on the head, fracturing his skull. Appellant was still at the pound when he heard the pistol shot. He says he thought McGuire had

killed his son, and that he came as rapidly as he could to the scene of the fight; that when he got there he did not see his son and thought he had already been killed and that appellant was then trying to kill his son-in-law. In this connection appellant testified that he knew McGuire had a pistol but admits that he saw none in McGuire's hand at the time the rock was used, and that he saw no pistol pointing towards either his son or son-in-law when he came upon the scene of the fight. Without any limitation upon appellant's rights depending on how the last fight arose or who may have been the aggressor in it, the court instructed the jury that if it reasonably appeared to appellant as viewed from his standpoint that his own life or person or that of his son or son-in-law was in danger at the hands of McGuire at the time appellant struck with the rock he would be guilty of no offense. Under this instruction the jury rejected appellant's claim that his act was in defense of his son, or son-in-law, but attributed appellant's act to some other motive.

Appellant complains because he was not permitted to prove by the witness Murphy that it appeared to him that McGuire was trying to shoot with the gun at the time appellant hit him with the rock. This witness was permitted to testify in detail as to all the facts within his knowledge and to his own movements while the fight was in progress. We think the court committed no error in excluding the witness' opinion. Hanners v. State, 104 Tex. Crim. Rep. 442, 284 S. W. 554; Harris v. State, 101 Tex. Crim. Rep. 33, 274 S. W. 588; Dunne v. State, 98 Tex. Crim. Rep. 7, 263 S. W. 608.

Appellant proposed to prove by Murphy who was mayor of Desdemona at the time of the trouble that appellant subsequently to the assault had brought a suit against the city for damages for wrongfully impounding his stock and had recovered a judgment. He also offered in evidence his petition in that suit and the judgment in his favor. Complaint is brought forward because of the rejection of said evidence. Appellant offered this evidence for the purpose of showing that McGuire was in the wrong and acted maliciously and illegally in impounding appellant's cattle. We have been unable to see the pertinency of this proposed testimony as throwing any light upon the question the jury was called upon to solve in the present case. The assault occurred in February, 1926. It is apparent from the record that the suit was filed subsequently, although the exact date is not shown. The judgment was not rendered until September, 1926, seven months after the assault was committed. Appellant may have been justified in his contention that the city

of Desdemona had no law authorizing the impounding of his cattle, but the judgment could in no wise justify an assault made by appellant upon the marshal of the city seven months before. Appellant had the benefit of evidence that he was claiming that the impounding of his stock was illegal and the court gave him the benefit of it by instructing on aggravated assault to the effect that any condition or circumstance which would cause an "aggravated assault" state of mind in a prosecution for assault to murder would be adequate cause. The conviction was for aggravated assault only. It appears from the evidence that impounding the stock was only the remote incident leading up to the fight. The first fight between appellant and McGuire grew out of appellant's accusation that McGuire had neglected to properly feed and water the stock. It is undisputed that the second fight was precipitated by the son and son-in-law of appellant in resentment because McGuire had severly punished appellant in the first encounter. We have examined all the authorities submitted by appellant as supporting his contention that the rejected evidence should have been admitted but think none of them authorize it and conclude that the court committed no error in excluding the proffered testimony. Incidentally we remark that while it appears from the petition that McGuire was made a party to the civil suit, yet the judgment recites that appellant dismissed as to him.

Bill of exception No. 4 complains because objection was sustained to certain questions asked McGuire by appellant on cross-examination. The bill does not show what evidence was expected to be developed as a result of such questions. In this condition the bill presents no error.

Bill No. 5, as qualified by the trial judge, shows that the inquiry was a repitition regarding matters already in testimony. The qualification is borne out by the statement of facts.

Appellant sought to go into matters relative to the impounding of his cattle which occurred subsequent to the assault. The court approved the bill with the explanation that counsel was permitted to go into those matters which had occurred before the trouble, but not as to those occurring subsequently. Our discussion of other bills raising the same question disposes of the bill presenting this matter.

The only other bill relates to certain argument of the District Attorney to which appellant objected. The bill recites that appellant requested the court to instruct the jury not to consider the argument but that the court declined to do so where-

upon appellant excepted.   The court appended a qualification to this bill which was accepted by appellant, stating that he did instruct the jury not to consider for any purpose the argument deemed objectionable.   In view of this we think no such error appears as calls for a reversal.

Appellant's contention that the judgment should not be permitted to stand in view of the evidence we think is groundless. The court gave a charge which seems to have been entirely acceptable to appellant as no objection appears to have been made thereto.   The issues raised by the evidence were properly submitted to the jury and we find no reason authorizing this court to disturb their verdict.

The judgment is affirmed.                            *Affirmed.*

P. J. Morrow, absent.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant urges in his motion that we failed to attach sufficient importance to the alleged error resulting from the argument made by the State's Attorney.   As far as the bill of exceptions shows, said State's Attorney was merely arguing his inferences from the testimony.   It is apparent from the record that after appellant had a fight with McGuire, in which he seemed to get the worst of it, he met his son and possibly his son-in-law, and that these latter men went to where McGuire was and began a fight with him also that almost immediately after this fight began appellant rushed up and struck McGuire in the head with a rock.   We are not disposed to hold it an unfair or hurtful inference for the State's Attorney to say that appellant got his son and son-in-law and they gang-mobbed McGuire.   Nor do we think the bill shows that the other argument, to-wit: that appellant had turned some sixty head of his cattle out of the pound, was capable of any injurious effect. Appellant himself testified that he had sixty head of cattle; that they passed from one ranch to another through the town of Desdemona, and there appears nothing to show that the jury was in anywise affected by the proposition that appellant turned that number of cattle out of the pound.   The bill of exceptions complaining of this argument sets forth only the objections made thereto and in nowise certifies or brings before us what in fact was said by the State's Attorney.

Nor are we in accord with the contention that the testimony of Mr. McGuire himself shows that appellant was justified in making the assault.   McGuire said that he was simultaneously

assaulted by three men, one of whom was choking him and the others were striking him, and that in self-defense he drew his pistol and fired. He and other witnesses further testified his assailants then bent him nearly over and almost had him on the ground when appellant struck McGuire in the head with a rock. As stated in the original opinion, the court submitted fully and correctly the law of self-defense and the defense of another as viewed from appellant's standpoint. We do not think the record devoid of evidence supporting the finding of the jury on these matters.

The motion is overruled.                              *Overruled.*