PETE WIGGINS V. THE STATE.

No. 12757.   Delivered March 5, 1930.
Rehearing denied May 7, 1930.
Reported in 27 S. W. (2d) 236.

The opinion states the case.

*D. L. Harry* of Jacksonville, and *Guinn & Guinn* of Rusk, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is murder; the punishment confinement in the penitentiary for life.

The State's testimony supported the theory that appellant, a negro, killed deceased, A. B. Crawford, a white man, without provocation. Crawford was not an officer, and, under the record before us, had no right to arrest Jewel Price. Price, a negro, was in his own home, where a pint bottle of whiskey was in view on a table in the room entered by Crawford. Other negroes were present. Crawford arrested Price, placed handcuffs on him, and advised him that he would release him if he would give him fifty

dollars as a cash bond for his appearance in the Federal Court at Tyler. He further advised Price that he was a Federal Enforcement Officer. According to the state's testimony, appellant, who had been present shortly after the arrest was made, left the house, but returned in a short time. The testimony for the state tended to show that he left for the purpose of arming himself. Upon his return he approached Crawford and asked him for the evidence. Crawford took the bottle of whiskey out of his hip pocket and handed it to appellant. As he handed the whiskey to appellant, appellant shot him with a pistol, which resulted in his death. Crawford was unarmed. There was testimony to the effect that the sheriff of the county had agreed that Crawford should aid him in enforcing the liquor laws. However, Crawford was not an officer of any character. According to appellant's theory, given support in his testimony and that of his witnesses, he requested Crawford to state his authority for arresting Jewel Price. Appellant testified that Crawford told him, in effect, that he would "put him to sleep," and reached for his hip pocket; that believing that Crawford was going to draw a pistol and shoot him, he immediately fired upon Crawford. Shortly after the homicide, the state secured written statements from the eye-witnesses to the transaction. In these statements it was shown that appellant shot Crawford without provocation. Moreover, it was shown in the statement of Jewel Price that he had sold Crawford a pint of whiskey immediately prior to the time that Crawford handcuffed him and advised him that he was under arrest. Upon the trial the witnesses from whom the statements had been taken, with the exception of one, testified for appellant. The statements were introduced for the purpose of impeaching the witnesses.

Complaint is made in bills of exception Nos. 9 and 11 of the action of the trial court in refusing to permit certain of appellant's witnesses to testify that they thought that deceased was preparing to draw a pistol from his hip pocket and thought that deceased was going to shoot appellant. Both of these witnesses were permitted to testify in detail as to all the facts within their knowledge and to their own movements and those of deceased at the time of the homicide. There was no error in excluding the opinion of the witnesses. Hanners v. State, 104 Tex. Cr. R. 442, 284 S. W. 554; Harris v. State, 101 Tex. Cr. R. 33, 274 S. W. 568; Dunne v. State, 98 Tex. Cr. R. 7, 263 S. W. 608; Wilheit v. State, 298 S. W. 426.

Bill of exception No. 10, as qualified by the trial court, presents the following occurrence: The county attorney stated to the witness Frances Kennedy that he wanted her to tell the jury why she turned around and went back to Jewel Price's house. She replied that she heard someone say: "We ought to go up there and run him out." The information carried to the jury by the answer of the witness was that someone had said that deceased ought to be run out of Jewel Price's house. Appellant objected on the ground that the statement was hearsay. The court overruled the objection and appellant excepted. Following the taking of the exception, appellant requested the court to withdraw the statement from the consideration of the jury. Whether the statement was withdrawn is not shown by the bill of exception. The record shows that the county attorney said: "I will withdraw the question at this time." Assuming that the testimony was hearsay and inadmissible, the bill of exception fails to set out sufficient facts and circumstances to enable this court to determine whether the error, if there was error, was harmful. It is the rule that the proceedings and attendant circumstances below must be set out in such manner as to enable the reviewing court to know that an error was committed. Branch's Annotated Penal Code of Texas, Section 207; Thompson v. State, 15 S. W. 206. Further, the bill of exception fails to show that appellant was not present when the remark was made. Appellant's ground of objection that such remark was made out of the presence and hearing of appellant is not a certificate of the judge that the facts forming the basis of the objection were true. Buchanan v. State, 298 S. W. 569.

Bills of exception 14, 15 and 16 are concerned with the same question and will be considered together. Certain of appellant's witnesses had made statements to the county attorneys prior to the trial, which had been reduced to writing and signed by the witnesses. According to these statements, appellant deliberately shot deceased without provocation. For example, the statement of Jewel Price was to the effect that he sold deceased a pint of whiskey; that thereupon deceased arrested him; and that appellant appeared and shot deceased. There were many objections to the introduction of these statements, chief of which was that the state had not laid the proper predicate to authorize the introduction of the statements for impeachment purposes. The bill of exception fails to state as a fact that no predicate was laid. The mere statement of the ground of objection is not a certificate of the judge that no predicate

was laid. Buchanan v. State, supra. Being unable to determine from the bill whether a proper predicate was laid, we must indulge the legal presumption that the ruling of the trial court was correct. Branch's Annotated Penal Code of Texas, Section 207.

In his brief, appellant asserts that he requested the court to instruct the jury that the arrest of Jewel Price, being illegal, amounted to a continuous assault upon said Price; that appellant had the right to use whatever force was necessary to free Price; but that if the force used was more than was necessary to free Price appellant would be guilty, if at all, of murder without malice. We have examined the requested charges found in the record and fail to find any request that the court charge the jury on the subject mentioned in the brief. We are referred in the brief to exceptions 7, 8 and 11 to the court's charge. In the first exception referred to, appellant criticises the charge on the ground that the jury were not instructed in full terms that if appellant acted without malice aforethought he could not be guilty of murder with malice. The second objection on the subject informed the trial court that the charge was vague, indefinite and uncertain in that the court did not fully instruct the jury as to the facts, did not apply the law to the facts and did not give appellant the benefit of "that portion of the law which provides that if the defendant was actuated without malice aforethought that punishment should not be assessed at a greater punishment than five years." We quote exception No. 11 as follows:

"The defendant objects and excepts to the charge of the court in submitting this case upon the facts of whether or not the defendant was actuated with malice aforethought, because all the facts show that the defendant did not have malice aforethought at the time he fired the shot; further that the evidence shows that the deceased was making an arrest without any lawful authority, and as such arrest was made without lawful authority, there could be no malice aforethought from any homicide arising from the fact of such arrest by a person who was not authorized to act as such."

In our opinion there is nothing in the foregoing exceptions that would have advised the trial court that appellant desired to have the jury instructed that if appellant used more force than was necessary to free Price he could only be convicted of murder without malice. The question appellant seeks to have us review was not properly raised below, and we do not decide at this time whether appellant asserts a correct proposition of law.

The court gave an unrestricted charge on the law of self-defense. Appellant now asserts that he was entitled to a charge to the effect that if deceased was making an unlawful arrest of Jewel Price, appellant had the right to intervene to free Price, using such force as might be necessary, and that if the force used by appellant was necessary to free Price he should be acquitted. We are referred in the brief to exceptions 6 and 10, to the charge. Nothing in these exceptions advised the court that the charge was being criticised for the failure to instruct the jury as contended for in the brief. In examining other exceptions, we find exception No. 4, which we quote:

"The defendant excepts and objects to the charge of the court as presented because the charge does not contain the instructions to the effect that the deceased, A. B. Crawford, had no right to act as an officer, had no right to make any arrest, and that the deceased was trespassing in being in the home of Jewel Price; asked the court to instruct the jury to the effect that the deceased had no authority in law to accept or require a cash bond of fifty dollars."

Was the foregoing exception sufficiently specific to advise the trial court that appellant sought to have the jury instructed to acquit him if he used no more than necessary force to free Price from an illegal arrest? We think not. It merely invited the court's attention to appellant's desire that the court embody in the charge the abstract statement that deceased was a trespasser and that the arrest of Price was illegal. We express no opinion as to whether a correct proposition of law is asserted by appellant.

It was shown on motion for a new trial that during the time the jury were deliberating one of the jurors made a statement to the others that if appellant had been a white man charged with killing a negro under the circumstances shown by the evidence an acquittal would result. It is appellant's contention that the juror was shown to be prejudiced. It is not disclosed in what connection the statement was made. As far as the record reflects the matter, the juror may have made the statement in an endeavor to induce his fellow jurors to acquit appellant. Standing alone, the statement is not deemed to characterize the juror as prejudiced.

We have carefully examined every contention made by appellant and fail to find reversible error.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

## ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant insists that the rule of evidence supported by the authorities cited upon the first proposition discussed in our original opinion was changed by the Acts of the 40th Legislature, Chapter 274, which provided that in prosecutions for felonious homicide proof of "all relevant facts and circumstances surrounding the killing, etc." was admissible. It has been expressly held that the enactment in question did not extend the rules of evidence. Mercer v. State, 111 Tex. Cr. R. 657, 13 S. W. (2) 689.

Appellant urges that we have placed too strict a construction on bill of exception number ten and misinterpreted the true import of the bill. Whether or not appellant's criticism of our construction of said bill is well founded is immaterial in view of the record. The complaint is that on cross-examination of Frances Kennedy, one of appellant's witnesses, the state proved what was equivalent to a threat made by some one other than appellant or in his presence. On direct examination of this witness appellant himself elicited the same testimony as shown by the following quotations from the statement of facts, page thirty-one.

"* * * when I started on home I saw Mr. Pete coming down the hill and someone spoke up there in ahead of me and I didn't pay attention to who it was, and he says, 'We ought to run him off;' I guess he spoke about the man, and I whirled and went back to the house, and then came back up there. I did not go to my house— I turned back. I did not go home and then come back. I was past this house and I had to pass' this house going home and I didn't get home; I went back. I went back in that room. When I got there Pete was there."

Other subjects considered in our original opinion are thought to have been correctly disposed of on the grounds therein stated. Regarding complaints because the court did not in some way express its view upon appellant's claim that he had a right to free Jewell Price from illegal restraint it is not amiss to say that in our judgment that issue was not in the case under the facts.

Appellant questions whether his rights were properly protected in the charge on the point that if the jury entertained a reasonable

doubt whether the killing was upon malice aforethought the punishment could not exceed five years. This matter was not briefed on original submission and was not considered. Appellant's written objection to the charge in the absence of a special requested charge was sufficient to call the court's attention to the matter. Richardson v. State, 91 Tex. Cr. R. 318, 239 S. W. 218, 20 A. L. R. 1249. Paragraph nine of the charge deals specifically with the punishment and pointedly tells the jury that in no event can the punishment be more than five years unless from all the facts and circumstances in evidence they found *beyond a reasonable doubt* that appellant was prompted by and acted with malice aforethought. In our opinion this protected appellant's rights in the particular mentioned.

The motion for rehearing is denied.

*Denied.*