THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, v. TIMOTEO BÁEZ FUENTES, ETC., Defendant and Appellant.

No. 11815.  Argued March 13, 1947.—Decided May 5, 1947.

---

F. *Hernández Vargas* for appellant. ' *Luis Negrón Fernández, Acting Attorney General,* and *Joaquín Correa Suárez, Assistant Prosecuting Attorney,* for appellee.

Mr. Justice Snyder delivered the opinion of the Court.

The defendant has appealed from a judgment sentencing him to life imprisonment after he was convicted by a jury on a charge of murder in the first degree.

The defendant complains first of the refusal of the district court to grant his motion to submit the issue of the sanity of the defendant at the time of trial to three experts pursuant to § 440 of the Code of Criminal Procedure. However, that action is required only if a substantial doubt has arisen in the mind of the trial judge as to the sanity of the defendant. Such a motion is addressed to the discretion of the lower court. Only if the lower court abused its discretion would we be warranted in interfering with its action. *People* v. *Fountain,* 170 Cal. 460, 467 (1915); *People* v. *Loomis,* 170 Cal. 347 (1915); *People* v. *Hettick,* 126 Cal. 425 (1899); *People* v. *Keyes,* 178 Cal. 794 (1918); *People* v. *Villarrubia,* 54 P.R.R. 329; *People* v. *Nazario,* 53 P.R.R. 226; *Iturrino* v. *District Court,* 50 P.R.R. 892.

We find nothing in the record which requires us to say that the lower court was compelled in this case to follow the procedure provided by § 440. In support of his contention, the defendant offered a preliminary affidavit of a social worker which recited the social and medical background of the defendant. This social worker had not even seen the defendant. While the facts recited in her affidavit might have justified action by the court pursuant to § 440, we can-

not say that it was an abuse of discretion to refuse to take such action on the basis of her affidavit. The only other evidence offered by the defendant on this point was affidavits of two specialists that they would need thirty days to make a mental examination of the defendant. When the case was called for trial and the defendant renewed his motion, the lower court on its own initiative heard witnesses of the *Fiscal* to determine if § 440 should be invoked. Their testimony did not satisfy the district court that this action should be taken, and we find nothing in their testimony requiring us to rule to the contrary.

The defendant assigns as the second error the refusal of the lower court to permit a social worker to answer the following question: "In accordance with the observations you made of this defendant when you interviewed him and in accordance with the information which you received as a social worker from the family of the defendant, did you arrive at any conclusion as to the motive of this crime?"

The defendant was endeavoring, by showing a lack of motive, to establish insanity at the time of the commission of the crime as a defense. The court was liberal in permitting the social worker, who had no medical training, to testify in detail as to the background of the defendant and to give her opinion that he was unable to distinguish between right and wrong. But the question of the motive of the defendant under the circumstances herein was for the jury, not the witness, to determine. Cf. *People* v. *Valle,* 29 P.R.R. 516; *Wiggins* v. *State,* 27 S.W. (2d) 236 (Texas 1930); VII Wigmore on Evidence, §§ 1963-4 (3d.ed.). The lower court did not err in excluding this question.

In his third error the defendant complains of the action of the lower court in permitting Dr. Julio R. Rolenson to testify that, based on his examination and observation of the defendant at the district jail, the defendant was men-

tally normal and could distinguish between right and wrong. The testimony of Dr. Rolenson was offered by the People in rebuttal after counsel for the defendant had offered testimony that the latter was insane.

Dr. Rolenson testified that he is a medical school graduate; that he has practiced medicine for twenty-five years; that he is the physician for the district jail of San Juan; that he makes a physical and mental examination of all its inmates and treats them; that he studied psychiatry at medical school as a subject; that he has never practiced psychiatry, but has practiced general medicine.

Whether Dr. Rolenson was qualified to give his opinion as to the mental condition of the defendant under these circumstances was a matter within the discretion of the district court. See 54 A.L.R. 860, 863; *Bell* v. *Acacia Mut. Life Ins. Co.,* 16 So.(2d) 821 (La. 1944). We are unable to conclude that the lower court abused its discretion, particularly as it had already permitted the defendant to offer similar testimony by a social worker.

█ The fourth error assigned is that the verdict is contrary to the law and the testimony. The defendant, an eighteen-year old boy, killed a lady, who was a neighbor of his, by cutting off her head with a machete. He pleaded not guilty by reason of insanity, and offered evidence in support of his plea. The lower court submitted the issue of insanity to the jury under proper instructions. Cf. *Fisher* v. *United States,* 328 U.S. 463, 90 L.ed. 1078. In convicting the defendant of murder in the first degree, the jury found he was sane when he committed this offense. We find nothing in the record requiring us to disturb the verdict.

The judgment of the district court will be affirmed.

Mr. Justice Marrero did not participate herein.