DOCK JOHNSON AND H. L. EVERS V. THE STATE.

No. 10252.    Delivered April 27, 1927.

**1.—Manufacturing Intoxicating Liquor—Suspended Sentence Law—Statute Constitutional.**

That part of Art. 689, P. C., known as the suspended sentence law, which states that persons over 25 years of age, who, on being convicted of violating the liquor laws, shall not be entitled to the benefits of the law, is not unconstitutional, and this court so held in Davis v. State, 93 Tex. Crim. Rep. 192, and Guse v. State, 97 Tex. Crim. Rep. 212.

**2.—Same—Evidence—Search Warrant—None Necessary.**

Where officers discovered appellants on unenclosed lands, in the woods, and not on premises occupied by the defendants, engaged in the actual manufacture of whiskey, no search warrant was necessary to authorize

the sheriff to seize the still and mash, and arrest the parties. See Cornelius on Search and Seizure, Sec. 12; McDaniel v. U. S., 294 Fed. 769, and other cases cited.

### 3.—Same—Charge of Court—On Defensive Issue—Erroneous.

Where the trial court, though inadvertently, in submitting the defensive issue that the whiskey being manufactured was for medicinal purposes, charged them in effect that if they found the issue to be true, or had a reasonable doubt thereof, to find the defendant Dock Johnson *"guilty,"* instead of instructing them to find him *"not guilty,"* the error necessitates the reversal of the case.

Appeal from the District Court of Upshur County  Tried below before the Hon. J. R. Warren, Judge.

Appeal from a conviction for manufacturing intoxicating liquor, penalty one year in the penitentiary assessed against each of the appellants.

The opinion states the case.

*M. B. Briggs* of Gilmer, for appellants.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellants were jointly tried and convicted of unlawfully manufacturing intoxicating liquor, and their punishment assessed at one year each in the penitentiary.

The record discloses that the sheriff and his deputy discovered the appellants making whiskey out in the woods three or four miles from their residences, and found in close proximity thereto several barrels of mash. The appellants defended upon the ground that the whiskey was being manufactured by appellant Johnson for medicinal purposes, to be used by his wife, and that the appellant Evers, brother-in-law of Johnson, was not interested in the still or connected therewith in any manner, and was taking no part in the manufacture of the whiskey, but that he had gone to the scene of the alleged offense at the request of Johnson without knowing until he arrived that Johnson was making whiskey.

The appellant Evers, who was over twenty-five years of age, complains of the refusal of the court to submit his application for a suspended sentence. It is contended that Art. 689, P. C., which states that persons over twenty-five years of age who are convicted of violating the liquor laws shall not be entitled to the benefits of the suspended sentence law, is unconstitutional and void in that it is discriminatory, and that the trial court

should have submitted Evers' application for suspended sentence under Art. 776, C. C. P.   We are not in accord with this contention.   This court has held against appellant's contention in Davis v. State,, 93 Tex. Crim. Rep. 192, 246 S. W. 395, and Guse v. State, 97 Tex. Crim. Rep. 212, 260 S. W. 852.

The appellants Johnson and Evers complain in bills of exception 3 and 4, respectively, of the action of the court in permitting the sheriff to testify to the finding of the still and mash and to seeing the appellants manufacturing said whiskey, because the officer did not have a search warrant at the time in question. The court qualifies these bills by stating that the still and mash found and seized by the officers were "on unenclosed lands and in woods, and not on premises occupied by the defendants." These bills, as qualified, show no error.   Cornelius on Search and Seizure, Sec. 12; McDaniel v. U. S., 294 Fed. 769; Essgee Co. v. U. S., 262 U. S. 151, 67. L. Ed. 917; Dozier v. State, 289 S. W. 45.

There are several other bills of exception in the record, but as presented and qualified by the court they show no error.   The only serious question in this case is the complaint made to that portion of the court's charge relative to appellants' defense that the whiskey was being manufactured for medicinal purposes, and to the refusal of the court to give to the jury appellants' special charge on this issue.   The portion of the court's general charge complained of is as follows:

"Or if you shall find that Dock Johnson on the occasion in question manufactured spirituous liquor capable of producing intoxication; then if you shall further find that same was manufactured for medicinal purposes, or if you have a reasonable doubt thereof, you will find the defendant Dock Johnson guilty," etc.

The appellants' special charge which was refused by the court was to the effect that if the jury believed from the evidence that the whiskey was manufactured for medicinal purposes, or if they had a reasonable doubt thereof, to acquit the appellants. From an inspection of the court's general charge, as quoted above, it will be observed that the court instructed the jury to convict the appellant Johnson, although they found from the evidence that he was manufacturing the whiskey in question for medicinal purposes, or if they had a reasonable doubt thereof. This was clearly error.   The evidence having raised this issue, the court should have instructed the jury, either in his general charge or by giving appellants' special charge, to the effect that

the appellants would not be guilty of the offense charged against them if the whiskey was being manufactured for medicinal purposes, or if there was a reasonable doubt thereof.

For the error above discussed, the judgment of the trial court is reversed and remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.