### W. LEE GREEN V. THE STATE.

No. 10881.  Delivered June 24, 1927.

**Possessing Intoxicating Liquor—Affidavit for Search Warrant—Insufficient.**

This conviction depends upon the validity of an affidavit for a search warrant to search the residence of appellant, based upon information and belief. A majority of this court having held such affidavit insufficient, the judgment must be reversed and remanded. See Chapin v. State, No. 10670, delivered June 22, 1927, not yet reported.

Appeal from the District Court of Bowie County. Tried below before the Hon. Hugh Carney, Judge.

Appeal from a conviction for possessing intoxicating liquor for the purpose of sale, penalty one year in the penitentiary.

The opinion states the case.

*King, Mahaffey & Wheeler* of Texarkana, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for possessing intoxicating liquor for purposes of sale, punishment one year in the penitentiary.

The validity of this conviction depends upon the use of testimony of the finding of certain intoxicating liquor in the private residence of appellant in the execution of a search warrant based on an affidavit made on information and belief. The writer is not in accord with the view entertained by the majority in regard to the requisites of such affidavit. My views are expressed in a dissenting opinion in Chapin v. State, No. 10670, opinion handed down June 22, 1927. The majority of the court are of the opinion that an affidavit to search a private residence in liquor cases must be made by two credible persons and must set forth the facts upon which such affiants base their belief and statement that the party whose residence is to be searched is engaged in a violation of law. The opinion of the majority controls. For the reason that the affidavit in this case does not set out the facts on which the search warrant was sought, the testimony became inadmissible under the provisions of our search and seizure law.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*