### SILL PEPPERS v. THE STATE.

No. 10186.     Delivered June 24, 1927.

**Possessing Intoxicating Liquor—Affidavit for Search Warrant—Insufficient.**

An affidavit for a search warrant to search a private residence, which is made upon information and belief without setting out the facts disclosing its sufficiency, is invalid, and evidence of the result of search made

under same is not admissible upon the trial of the accused.　See Chapin v. State, No. 10670, delivered June 22, 1927, not yet reported.

Appeal from the District Court of Bowie County.　Tried below before the Hon. Hugh Carney, Judge.

Appeal from a conviction for possessing intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

*Keeney & Dalby* of Texarkana, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was convicted of unlawfully possessing intoxicating liquor, and his punishment assessed at one year in the penitentiary.

The record discloses that the officers obtained a search warrant, searched the private residence of appellant, and there found more than a half-gallon of whiskey in fruit jars, three or four gallons of "choc beer," and twelve or fifteen empty fruit jars.

The appellant's defense was that he had the whiskey for his personal use and not for sale, and challenged the validity of the affidavit and search warrant and the legality of the evidence introduced thereunder.

There are fifteen bills of exception in the record, but after a careful examination of all the matters presented therein we are of the opinion that bill No. 13 presents the only question that demands our attention.　In this bill appellant questions the sufficiency of the affidavit and search warrant, and complains of the admission of the state's evidence thereunder, showing that the officers found intoxicating liquor in his residence.　The appellant contends that such evidence was illegally obtained because the affidavit was made upon information and belief and without stating any facts authorizing the issuance of a search warrant based thereon.　This part of the affidavit states:

"A. K. Neeley and N. T. Goodwin * * * being duly sworn, on his oath deposes and says that he has good reason to believe and does believe that intoxicating liquor," etc., and the search warrant shows upon its face that it was issued upon an affidavit setting forth the belief of the affiants.　The appellant's contention on this issue is correct and must be sustained, under the doctrine announced by this court in Chapin v. State, No. 10670, decided June 22, 1927, yet unreported, and the numerous author-

ities therein cited. This court, in the Chapin case, supra, held that a search warrant issued upon an affidavit based wholly on information and belief was invalid, and would not authorize the search of a private residence.

For the error above discussed the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.