H. B. FIELD V. THE STATE.

No. 11062.    Delivered October 2, 1927.

1.—Possessing Intoxicating Liquor—Search Without Warrant—Held Error.

Where the state relied for a conviction upon evidence secured by officers in a search of appellant's place of business, without a search warrant, probable cause not being shown, the case must be reversed.    See Art. 727a,

C. C. P.; Gorman v. State, 296 S. W. 533; Stokes v. State, 296 S. W. 1108, and Chapin v. State, 296 S. W. 1095, 107 Tex. Crim. Rep. 477.

#### 2.—Same—Evidence—Improperly Excluded.

Where the state was permitted to prove that officers found a drunken man lying down in appellant's place of business, it was error to refuse to permit appellant to explain to the jury how and why this drunken man was in his place of business.

#### 3.—Same—Search Without Warrant—Permissible.

There was no error in permitting the officers to testify as to the search of a field and pasture near the appellant's place of business, which was not occupied by nor claimed by him. See Johnson v. State, 294 S. W. 555.

Appeal from the District Court of Tom Green County. Tried below before the Hon. J. F. Sutton, Judge.

Appeal from a conviction for the possession of intoxicating liquor for the purpose of sale, penalty one year in the penitentiary.

The opinion states the case.

No brief filed for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

MARTIN, JUDGE.—Appellant was convicted of the unlawful possession of intoxicating liquor for the purpose of sale, and his punishment assessed at one year's confinement in the penitentiary.

Appellant's bills of exceptions Nos. 1 and 5 complain of the reception of evidence under the following circumstances: That the officers went to appellant's place of business, which was conducted in a box house on the Sherwood road near San Angelo, where he conducted a cold drink, hamburger, and sandwich stand, and the officers, after having testified that they searched appellant's place, testified that they had a search warrant at the time but that they did not then know where it was, and after the District Attorney stated that the state was not relying upon the search warrant, the appellant objected to any testimony as to what was found in the said place of business or as to what was done by the said officer and his associates at the time and place because the search warrant was not produced, which objections were by the court overruled and the officers were permitted to testify that in the said place of business they found about sixteen bottles of beer, several empty bottles and several jars in the back room.

Art. 4a, C. C. P., makes unlawful the search of the private residence, actual place of habitation, place of business, person, or personal possessions of any person without first having obtained a search warrant.   Art. 727a C. C. P., prohibits the reception of evidence thus obtained.   Also see following authorities:   Gorman v. State, 296 S. W. 533; Stokes v. State, 296 S. W. 1108; Chapin v. State, 296 S. W. 1095.   The admission of such evidence was erroneous.

It seems that the court also permitted the officers to testify that they found a man lying down drunk in defendant's place of business.   The defendant, testifying in his own behalf, was asked if this drunk man told him why he wanted to stop and offered to prove that the man stated to defendant, in substance, that he was too drunk to drive his car and he wanted to lay down and sober up, thus explaining the presence of the drunk man on the premises.   Upon objection this was excluded.   If it were permissible for the state to prove that a drunk man was found on the premises as a circumstance tending to show that intoxicating liquors were unlawfully kept on such premises, the defendant should not be denied the privilege of explaining the presence of such person so as to show that his being there was entirely innocent and in no way connected with the supposed unlawful possession of intoxicants.   If the state was entitled to prove this as an incriminating fact, surely the defendant had the right to explain it.

We see no error in the reception of evidence of the search of a field and pasture near the appellant's place of business, but not occupied or claimed by him.   Johnson v. State, 294 S. W. 555.

For the errors discussed, the judgment is reversed and the cause remanded.                    *Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.