## QUINNIE MONTGOMERY V. THE STATE.

No. 10587.    Delivered October 5, 1927.

**Possessing Mash, Etc.—Search and Seizure—Affidavit—Insufficient.**

An affidavit for a search warrant to search the private residence of appellant, issued upon information and belief, which fails to set out the facts in support of the belief, is wholly insufficient, and evidence secured by a search under such affidavit and warrant is not admissible in evidence against the owner of the dwelling. See Chapin v. State, reported in this volume; Art. 691, P. C., 1925; Art. 4a and 727a, C. C. P., 1925.

Appeal from the District Court of Morris County. Tried below before the Hon. R. T. Wilkinson, Judge.

Appeal from a conviction for the possession of mash for the purpose of manufacturing intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

*J. H. French* and *J. A. Ward,* for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is possession of mash for the purpose of manufacturing intoxicating liquor, the punishment is confinement in the penitentiary for a period of one year.

Operating under a search warrant, officers discovered in appellant's field a copper still, two fifty-gallon barrels of mash and two pot holes. In appellant's garden they found a still cap, and in the private dwelling occupied by appellant several fruit jars were found, one of which contained whiskey.

The trial court, over the objection of appellant that the search warrant was issued upon an affidavit made upon information and belief and that the grounds of belief were not exhibited in the affidavit, admitted the testimony of the officers showing the result of the search. The record discloses that the affidavit upon which the search warrant was issued was made by two persons upon information and belief, and that the grounds of belief were not therein exhibited. In the recent case of Chapin v. State, No. 10670, decided on June 23, 1927, and not yet reported, this court held that a warrant to search a private dwelling, occupied as such, based upon an affidavit made upon information and belief in which there is given no fact, circumstance or detailed information showing or tending to show that the dwelling is used for a purpose denounced by Art. 691, P. C. 1925, is unauthorized, and that a search under such warrant is illegal. The statutes of this state penalize an illegal search. Art. 4a, C. C. P., 1925. Art. 727a, C. C. P., provides that "no evidence obtained in violation of the Constitution or laws of the State of Texas, or of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case."

It is clear under the holding of this court in the case of Chapin v. State, supra, that the search warrant in the instant case was issued without legal authority. It follows that the testimony showing the result of the search of appellant's private dwelling should not have been admitted over appellant's objection.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.