## R. A. CARTER V. THE STATE.

### No. 11187.  Delivered November 23, 1927.

**Possessing Intoxicating Liquor—Evidence of Search—Improperly Received.**

Where an affidavit for a warrant to search the private residence of appellant was made upon information and belief, and no facts were stated in such affidavit showing what information the officers had received, and no facts were set out from which the issuing magistrate could judicially determine whether "probable cause" existed, authorizing the warrant to be issued, evidence of the officers secured by such search was improperly admitted.  See Arts. 4a and 727a, C. C. P. 1925; Chapin v. State, 296 S. W, 1095, and other cases cited.

Appeal from the District Court of Jones County.  Tried below before the Hon. W. R. Chapman, Judge.

Appeal from a conviction for possessing intoxicating liquor, penalty two years in the penitentiary.

The opinion states the case.

*Lon A. Brooks,* for appellant.

*A. A. Dawson,* State's Attorney, for the State.

HAWKINS, JUDGE.—Conviction is for possessing intoxicating liquor for the purpose of sale.  Punishment is two years in the penitentiary.

Officers made an affidavit and procured a search warrant under which they searched the private residence and premises of appellant.  Upon the search a quantity of intoxicating liquor was found in the residence.  Near the residence and upon premises of appellant an outfit for making beer and a large quantity of the finished product were also found.  The affidavit which was the basis of the search warrant was made upon "information and belief."  No facts were stated in the affidavit showing what information the officers had received and no other facts were set out from which the issuing magistrate could judicially determine whether "probable cause existed" authorizing the warrant to be issued.  Because of such defect in the affidavit evidence of the officers as to the result of their search was objected to.  The objection should have been sustained.  Arts. 4a and 727a, C. C. P. (1925); Chapin v. State, Tex. Crim. Rep. ——, 296 S. W. 1095; Stokes v. State, — Crim. Rep. ——, 296 S. W. 1108; Peppers v. State, — Tex. Crim. Rep. ——, 296 S. W. 1109; Green v. State, — Tex. Crim. Rep. ——, 296 S. W. 1109.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*