## SHEEHY SUTTON V. THE STATE.

No. 11209.   Delivered December 14, 1927.

**1.—Possessing   Intoxicating   Liquor—Affidavit   for   Search   Warrant— Invalid.**

Where an affidavit made to secure a search warrant to search the dwelling of appellant did not set out such facts that would constitute "probable cause" for making such search, evidence secured as a result thereof was not admissible against appellant on his trial.   See Chapin v. State, 296 S. W. 1095, and other cases cited.

**2.—Same—Companion Cases.**

This is a companion case to Allman v. State, reported in Volume 296 S. W. 580, the same facts passed upon in that case being presented here. The distinction between the search of a dwelling and the search of an automobile, or other vehicle or means used for transporting intoxicating liquor, has been clearly stated in numerous recent decisions of this court.

Appeal from the District Court of Wilbarger County.   Tried below before the Hon. Robert Cole, Judge.

Appeal from a conviction for possessing intoxicating liquor for the purpose of sale, penalty one year and six months in the penitentiary.

The opinion states the case.

*Story, Leake & Story* of Vernon, for appellant.

*A. A. Dawson,* State's Attorney, for the State.

HAWKINS, JUDGE.—Conviction is for possessing intoxicating liquor for the purpose of sale, punishment being one year and six months in the penitentiary.

The home of appellant was searched by officers and a quantity of whiskey found.   The validity of the search warrant was attacked by motion to quash the affidavit upon which the warrant was based, on the ground that the affidavit did not show "probable cause," and the receipt of the evidence showing the result of the search was objected to for like reason.   The affidavit was predicated upon "information and belief" only without stating any facts or showing what the information was upon which the belief was founded.   The affidavit was insufficient to authorize the warrant and the evidence discovered as a result of the search was improperly admitted.   Chapin v. State, 296 S. W. 1095; Stokes v. State, 296 S. W. 1108; Peppers v. State, 296 S. W. 1109; Green v. State, 296 S. W. 1109; Hodge v. State, 298 S. W. 573; Montgomery v. State, 298 S. W. 596.

This is a companion case to Allman v. State, reported in 296 S. W. 580. The improper argument of the District Attorney alluded to in paragraph three of that opinion occurred in the present case also, and likewise the hearsay evidence condemned in paragraphs one and two of that opinion was admitted over objection upon the present trial. If this had been a case permitting the officers the right to search upon "probable cause"— like searching an automobile—in the absence of a search warrant the hearsay evidence complained of might properly have been heard by the court in the absence of the jury to enable the court to determine if "probable cause" existed for making the search and therefore authorize the result of the search to be detailed before the jury. But the present case is not of that character and the hearsay evidence should not have gone to the jury.

For the reasons stated the judgment is reversed and the cause remanded.

*Reversed and remanded.*