ANTON ROZNER V. THE STATE.

No. 11261. Delivered February 1, 1928.

Rehearing denied March 7, 1928.

**1.—Manufacturing Intoxicating Liquor—Affidavit for Search Warrant—Held Sufficient.**

Where an affidavit for a search warrant made on information and belief of two affiants, set out the facts upon which it is based, which was sufficient for the determination of the magistrate to whom the affidavit was presented and before whom it was made, same was sufficient to authorize the issuance of the search warrant.

**2.—Same—Continued.**

The sufficiency of the facts stated in the affidavit is primarily for the magistrate, and he has a discretion in the premises, and his action thereon will not be reviewed by this court, unless it appears to us that there has been an abuse of the discretion thus confided to the magistrate.

ON REHEARING.

**3.—Same—Continued.**

Where an affidavit sets out facts upon information received that could be considered as "probable cause" for authorizing a warrant to issue, same is sufficient. This is the extent of the holding in Chapin v. State, 296 S. W. 1095, and other cases cited in opinion on rehearing.

Appeal from the District Court of Milam County. Tried below before the Hon. John Watson, Judge.

Appeal from a conviction for manufacturing intoxicating liquor, penalty three years in the penitentiary.

The opinion states the case.

*E. A. Wallace* of Cameron, for appellant.

*A. A. Dawson,* State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for manufacturing intoxicating liquor, punishment three years in the penitentiary.

The facts need not be set out further than to say that same amply show appellant to be guilty.

There are two bills of exception, each presenting substantially the same objection made to the testimony of two witnesses. The

testimony of said witnesses present in detail the results of a search made by them of appellant's house, outhouses, etc. When each witness took the stand appellant asked to examine him upon his voir dire, and after such examination, and based on the testimony of the witness, objection was made to the testimony because of the fact that the affidavit for search warrant was insufficient, and, therefore, under the holding of this court the warrant itself was illegal and the evidence discovered by means thereof should be rejected. The affidavit in question, after stating that same was made on information and belief of the two affiants, proceeds as follows:

"Affiants' information is based on the fact that they have been informed that about ten days or two weeks past, that the said Anton Rozner had about fifteen gallons of whiskey in his smokehouse on said premises; further, that heretofore the affiant L. L. Blaylock, has searched said premises for liquor and found same. on the same under circumstances that showed that said Anton Rozner was unlawfully interested in said liquor manufacture and possession. Also found a still on said premises."

We are of opinion that neither bill shows error. Said affidavit contains a statement of facts which was for the determination of the magistrate to whom the affidavit was presented and before whom it was made. Said magistrate having judicially determined that the facts stated in the affidavit were sufficient, and it appearing to this court from an examination of same that the affidavit was not entirely devoid of facts, it is our opinion that the discretion confided in the magistrate in such cases was not exceeded, and that the trial court properly declined to reject the testimony found under the warrant issued upon such affidavit. In other words, this court is of the opinion that when an affidavit presented to a magistrate upon which he is asked to issue a search warrant, contains a statement of the facts to which the affiants make oath, that the sufficience of the facts thus stated is primarily for the magistrate, and that he has a discretion in the premises, and that his action in determining such facts sufficient to form the basis for the issuance of the warrant will not be reviewed by this court unless it appears to us that there has been an abuse of the discretion thus confided to the magistrate, and that no facts appear in such affidavit. Each affidavit in the bills of exception under discussion contains facts, and we are of opinion the magistrate was well within his discretion in holding same to form a sufficient basis for the issuance of a search warrant. So believing, and that the evidence

found by the officers was correctly received, and that same amply support the verdict, the judgment of conviction will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant's motion for rehearing apparently proceeds on the theory that the statement in the affidavit for the search warrant to the effect that Blaylock had searched appellant's premises, etc., is the only statement which could be considered as presenting "probable cause." Such recital is not the only information contained in the affidavit. It recites specifically that affiants had been informed that about ten days or two weeks past appellant had fifteen gallons of whiskey in his smokehouse. True, affiants did not know of their own personal knowledge that such was a fact, and therefore could not swear to it as a fact, but this is not necessary. The affidavit sets forth the information which had reached them upon which their belief was based. If, as sworn to by them, such information had come to their knowledge, and was made known to the issuing magistrate in the affidavit, it presented such a state of affairs that this court would have no right to say as a matter of law that the magistrate had abused his discretion in deciding that "probable cause" existed for authorizing the warrant to issue. Grounds of belief, that is, facts, *or* circumstances *or* information on which the belief is founded must be exhibited in the affidavit. This is the extent of the holding in Chapin v. State, 296 S. W. 1095; and all others following it. Stokes v. State, 296 S. W. 1108; Peppers v. State, 296 S. W. 1109; Green v. State, 296 S. W. 1109; Hodge v. State, 298 S. W. 573; Montgomery v. State, 298 S. W. 596; Lawhorn v. State, 299 S. W. 413; Jenkins v. State, 299 S. W. 642; Caster v. State, 300 S. W. 61; Ferguson v. State, 300 S. W. 69; Sutton v. State, 300 S. W. 639. The recital in the affidavit of the information which had come to affiants in our opinion fulfilled the requirements of the law.

The motion for rehearing is overruled.

*Overruled.*