## SMITH v. STATE. (No. 12706.)*

Court of Criminal Appeals of Texas. Nov. 6, 1929.

Rehearing Denied Jan. 22, 1930.

A. L. Curtis, of Belton, and McClellan & Cross, of Gatesville, for appellant.

Tom L. Robinson, Dist. Atty., of Gatesville, and A. A. Dawson, State's Atty., of Austin, for the State.

CHRISTIAN, J. The offense is possession of intoxicating liquor for the purpose of sale; the punishment confinement in the penitentiary for two years.

Operating under a search warrant officers went to appellant's residence and found therein seven gallons of whisky, a complete still, and some mash. Appellant was served with a copy of the search warrant at the time the search was made. Appellant offered no testimony on the trial of his case.

We find no exceptions to the court's charge. The court adjourned on the 2d day of March, 1929. Appellant's bills of exception were filed on the 27th of April, 1929. No extension of time for the filing of the bills was granted by the trial court. Article 760, subd. 5, C. C. P., allows 30 days after the day of adjournment of court for filing bills of exception. There being no order in the record extending the time, and said bills not having been filed within 30 days after the adjournment of court, we are compelled to hold they were filed too late. Mann v. State, 102 Tex. Cr. R. 210, 277 S. W. 1085.

The evidence being sufficient, the judgment is affirmed.

PER CURIAM. The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the court.

On Appellant's Motion for Rehearing.

CHRISTIAN, J. ■ It is now made to appear that an order extending the time for filing bills of exception was duly entered in the minutes of the trial court. This order is brought forward. Having been filed in time, the bills of exception are now considered.

■ Appellant objected to the testimony of the officers touching the result of the search, on the ground that there was not set forth in the affidavit for the search warrant facts and circumstances sufficient to show "probable cause." After stating that they had good reason to believe and did believe that intoxicating liquors were being manufactured and sold in appellant's residence, the affiants made the following statement: "Affiants' information is based on the fact that they have been informed that within the last thirty days G. R. Smith had containers, instrumentalities and equipment for the purpose of the unlawful sale and manufacture and possession of intoxicating liquor and liquors; that the said G. R. Smith unlawfully has such intoxicating liquors, containers, and instrumentalities for the unlawful manufacture, transportation and sale thereof in his possession and has charge and control of, and is keeping and is interested in keeping the property and premises above described where same are kept, as aforesaid."

The objection was properly overruled. In Rozner v. State, 109 Tex. Cr. R. 127, 3 S.W. (2d) 441, 442, we held that a statement to the effect that the affiants had been informed that about 10 days or 2 weeks prior to the making of the affidavit the accused had 15 gallons of whisky in his smokehouse "presented such a state of affairs that this court would have no right to say as a matter of law that the magistrate had abused his discretion in deciding that 'probable cause' existed for authorizing the warrant to issue."

Appellant further objected to the receipt of the testimony of the officers on the ground that it was not shown in the affidavit that his residence was a place where intoxicating liquor was manufactured or sold. An examination of the affidavit discloses that the affiants averred appellant's residence was a place where intoxicating liquor was sold and manufactured. Considering the affidavit in its en-

---

tirety, it would appear that it is clearly shown that appellant was manufacturing intoxicating liquor.

The motion for rehearing is overruled.

PER CURIAM. The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the court.