## JULIAN GONZALES V. THE STATE.

No. 18148.   Delivered June 24, 1936.

The opinion states the case.

*Guy P. Allison,* of San Antonio, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was convicted of the offense of possessing a narcotic drug known as marihuana, and his punishment was assessed at confinement in the state penitentiary for a term of three years.

Appellant's bills of exception numbers one to five complain of the introduction of evidence by the State under the following circumstances: that the officers went to the appellant's home in the city of San Antonio with a purported search warrant to search his home; that upon arrival they knocked on the door and told the appellant if he did not open the door they would break it down; that when he opened the door, they entered and immediately arrested him; that while they had him under arrest they made a search of his home and found quite a quantity of marihuana in a suit case, dresser drawer, and some wrapped in newspapers which they took possession of and offered in evidence at the trial notwithstanding the court had quashed the search warrant and held it to be an illegal

warrant. It appears from the record that the court admitted said testimony upon the theory that a felony was being committed by the appellant in the presence of the sheriff. It further appears from the record that the sheriff had on previous nights made visits to the appellant's home, entered upon appellant's premises, pressed his nose against a window sash in search for an odor of marihuana. When they did this, they were trespassers.

Art. 727a, C. C. P. (Acts 1929), reads as follows:

"No evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case."

Sec. 9 of Art. 1, Bill of Rights, of the Constitution of this State provides as follows:

"The people shall be secure in their persons, houses, papers and possessions, from all unreasonable seizures or searches, and no warrant to search any place, or to seize any person or thing, shall issue without describing them as near as may be, nor without probable cause, supported by oath or affirmation."

It occurs to us that the search made of the appellant's home under the illegal warrant was but a continuation of that which the officers had theretofore instituted without any warrant of any kind when they entered upon his premises and began to sniff for odors of marihuana, but whether it was or not makes but little difference, if any, as the entire search from beginning to end was without any legal authority, and evidence obtained by reason of such search was, therefore, inadmissible against the appellant under the following authorities: Nelson v. State, 14 S. W. (2d) 847; Chapin v. State, 296 S. W., 1095; Field v. v. State, 299 S. W., 258; Davis v. State, 113 Texas Crim. Rep., 421; Carter v. State, 300 S. W., 61, unless appellant's arrest without a warrant was authorized under art. 212, C. C. P., 1925. At the time the officers entered and searched appellant's home by virtue of the illegal search warrant they had not observed him committing a felony. He was not within their view and they did not know that he was then violating the law as they did not know that he was in the house at the time. They may have had a strong suspicion that he was doing so, but suspicion is not sufficient to authorize a peace officer to arrest without a warrant. See Lacy v. State, 7 Texas App., 403.

Whatever verbal statements appellant may have made to the officers after they had placed him under arrest were not

admissible against him. See art. 727, C. C. P., 1925.

There are some other bills in the record which we need not discuss in view of the disposition we are making of this case.

Believing that the court erred in permitting the officers to testify to what they discovered and to bring into court and offer in evidence the drug found as the result of such search, it is ordered that the judgment of the trial court be reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.