**POTTER v. STATE.**

No. 20428.

Court of Criminal Appeals of Texas.

May 24, 1939.

R. E. Eubank, of Paris, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

KRUEGER, Judge.

The conviction is for possession of untaxed liquor. The punishment assessed is a fine of $100.

The record shows that on or about the 15th day of October, 1938, a Deputy Sheriff of Red River County, accompanied by a Constable of the town of Detroit, arrested appellant on a road without any warrant, searched him and found two pints of untaxed whisky on his person. They then made him walk back about one hundred or one hundred and fifty yards, where they discovered a trail which lead west into a pasture. The officers followed this trail a short distance and discovered a metal can or drum which was buried, and which contained eight more pints of the same kind of liquor as that found on appellant's person. The premises upon which the eight pints of liquor were found did not belong to appellant and he had no interest therein or control thereover. The nearest to the buried whisky that the officers saw appellant was in the road about thirty yards east of it.

Appellant in due time objected to the testimony relative to what these officers found on his person at the time of his arrest. He based his objection on the ground that the officers had no warrant for his arrest, and further that the offense was not committed within the view of the officers and they did not know that he had any whisky, much less untaxed whisky, on his person until he had been arrested and searched.

We think appellant's position is well-taken. The officers, in making the arrest, did not act under the authority of Art. 212 or Art. 213, C.C.P., or Art. 666—30, Vernon's Ann.P.C. Consequently appellant's arrest was illegal and any evidence discovered as a result thereof was improperly admitted. See Art. 727a, C.C.P., Vernon's Ann.C.C.P. Art. 727a; Paulk v. State, 106 Tex.Cr.R. 472, 293 S.W. 169; Gonzales v. State, 131 Tex.Cr.R. 15, 95 S.W.2d 972.

There is no sufficient evidence otherwise to connect appellant with the whisky buried in the metal can and allow his conviction on circumstantial evidence alone. A conviction based on circumstantial evidence will not be sustained if the circumstances proved do not exclude every other reasonable hypothesis except the guilt of the defendant. Proof only amounting to a strong suspicion or mere probability is not sufficient to support a conviction. See Gill v. State, 36 Tex.Cr.R. 589, 595, 38 S.W. 190; Clifton v. State, 39 Tex.Cr.R. 619, 47 S.W. 642; Branch's Ann.P.C., Sec. 1877.

From what we have said, it follows that the judgment of the trial court must be reversed and the cause remanded, and it is so ordered.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.