JIM POTTER v. THE STATE.

No. 21062. Delivered May 15, 1940.

The opinion states the case.

*R. E. Eubanks,* of Paris for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

This case was tried in the District Court, 102nd Judicial District, Red River County. The appeal is from a conviction assessing the penalty of thirty days in jail on a charge of violation of the liquor laws.

This case has been before the court on a former appeal and is found in the S. W. Rep. Volume 128 (2d) 804, (137 Texas Crim. Rep., 160) to which reference is made for a statement of the nature of the case.

The apparent difference in the facts in the present appeal and that on the former trial is in the evidence of the witness Curtis Lemon, a deputy sheriff who made the arrest. He states that appellant lives in or near the town of Detroit and in the north portion thereof. He lives on the east side of the road going north and it was in the road and near his home that he arrested appellant. A few minutes before the arrest he drove out to the vicinity of his home in company with another party and stopped the car to watch for the appellant. Soon he saw him a short distance across an open pasture near a slaughter pen and in the vicinity of a small patch of timber. He had no warrant for his arrest and he had no search warrant. He saw him commit no violation of the law, nor did he claim to have any such information as would warrant him in making the arrest without a warrant. There is no evidence that he was arrested in an incorporated city or town. After arresting him he searched him and found two pints of whisky.

After making the arrest the officer took the appellant up the road in the direction of the place they first saw him. He followed his tracts showing the imprint of appellant's shoes until he came to a gate going into the slaughter pen. By this means

he was attracted to a path at the end of which he found a piece of metal about six inches long and three inches wide in some brush and leaves. By examination it proved to be an entrance to a large tin can where he found several bottles of whisky of the Crab Orchard brand, which was the same as that of the two pints found in appellant's pocket. The whisky bore no stamp or other evidence on it showing payment of taxes due to the State of Texas.

The witness testified on cross examination that he never saw any liquor on or about the appellant until after he arrested him; and never saw him in control of the container which he found and out of which the liquor in evidence came.

So far as we are able to tell, the facts of the case are identical with those in the former appeal with two exceptions. The record in the former appeal indicates that he stated he first saw appellant in the road where he arrested him, while in the present appeal he states that he saw him near the slaughter pen in which the whisky was found. Again he states this time that before he arrested appellant he saw an imprint of some object in his pocket which, upon the search, proved to be whisky. It is not claimed, however, that he saw appellant at the very spot where the can containing whisky was found, nor that he had anything to do with it. Neither is it claimed that he knew the bulky object was whisky or had any evidence that would indicate such until he made the search. The difference in the facts of the two appeals is immaterial. The reasoning in that opinion is applicable here and the authorities there cited are sufficient to control this case.

The judgment is reversed and the cause remanded for a new trial.