**Don L. CLARK, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. B14–84–286CR.**

Court of Appeals of Texas, Houston (14th Dist.).

Jan. 10, 1985.

Don Ervin, Houston, for appellant.

Don Clemmer, Houston, for appellee.

Before PAUL PRESSLER, ROBERTSON and ELLIS, JJ.

PAUL PRESSLER, Justice.

This is an appeal from a conviction of possession of cocaine.

Early in the morning, police officers on patrol observed appellant leave a lounge and enter a nearby abandoned, rotting building. One of the officers testified that because of the area, their past experience and numerous drug arrests made in the area, they investigated. As they entered the darkened building, they saw the silhouette of appellant who was standing on the stairway facing them. Appellant had pulled down a large clear bag from above him, and as they shined a flashlight on him, he reached to put a smaller bag into his pocket. Appellant was startled by the light and threw both bags over his head. One of the officers retrieved the bags from the ledge where he had thrown them. The large bag was filled with a number of smaller bags, each of which contained a white powdery substance. One of the officers testified that because they had made hundreds of drug arrests, they believed the bags contained cocaine, and they arrested appellant.

Appellant pled not guilty to possession of cocaine as charged in the indictment. The court found him guilty and assessed punishment at five years confinement in the Texas Department of Corrections, probated for five years, and a five hundred dollar fine. We affirm.

In his sole ground of error, appellant claims the trial court erred in denying his motion to suppress evidence, as it was a warrantless arrest made without probable cause in violation of his constitutional right to be free from unreasonable searches and seizures.

Defendants charged with crimes of possession may invoke the exclusionary rule only if their Fourth Amendment rights have been violated. *United States v. Salvucci,* 448 U.S. 83, 86, 100 S.Ct. 2547, 2549, 65 L.Ed.2d 619 (1980). The defendant must show that he had some legitimate expectation of privacy that was improperly intruded upon by government agents. *Rakas v. Illinois,* 439 U.S. 128, 144, 99 S.Ct. 421, 430, 58 L.Ed.2d 387 (1978); *Manry v. State,* 621 S.W.2d 619, 621 (Tex.Crim.App. 1981); *Lewis v. State,* 598 S.W.2d 280, 283 (Tex.Crim.App.1980). The "reasonable expectation of privacy standard" includes prosecutions for possession of narcotics. *See Rawlings v. Kentucky,* 448 U.S. 98, 100 S.Ct. 2556, 65 L.Ed.2d 633 (1980).

Appellant had no legitimate expectation of privacy in the building where he was arrested. The building was badly rundown, there was no evidence of any "No Tresspassing" signs and the property was not fenced. There was nothing to indicate the building could have been or was being used for residential or business purposes. There was not a door at the front entry. The officers did not enter the building illegally. "Hundreds" of drug arrests had been made in the area previously.

A police officer may arrest an offender without a warrant for any offense committed in his presence or within his view. TEX.CODE CRIM.PRO.ANN. art. 14.01b (Vernon 1977). The test for probable cause for an arrest without a warrant is:

Whether at that moment the facts and circumstances within the officer's knowledge and of which (he) had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the (arrested person) had committed or was committing an offense.

*Beck v. Ohio,* 379 U.S. 89, 91, 85 S.Ct. 223, 225, 13 L.Ed.2d 142 (1964); *Britton v.*

*State,* 578 S.W.2d 685, 689 (Tex.Crim.App. 1979), *cert. denied,* 444 U.S. 955, 100 S.Ct. 435, 62 L.Ed.2d 328; *Gonzales v. State,* 638 S.W.2d 41, 44–45 (Tex.App.—Houston [1st Dist.] 1982, pet. ref'd).

The evidence was sufficient to provide probable cause for the arrest. The trial court did not err in admitting the bags of cocaine into evidence. Appellant's ground of error is overruled.

The judgment is affirmed.