Frank M. Sheppard, Jr., Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., and Winston E. Cochran, Jr., Asst. Dist. Atty., Houston, Robert Huttash, State's Atty., Austin, for the State.

**Jack Fenner ELLIOTT, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 609–84.**

Court of Criminal Appeals of Texas, En Banc.

April 3, 1985.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

THOMAS G. DAVIS, Judge.

Trial was before the jury upon a plea of not guilty to a charge of gambling promotion. V.T.C.A. Penal Code, Sec. 47.03. After the jury found appellant guilty, the trial court assessed punishment at seven years and $5,000.00. The Court of Appeals for the Fourteenth Supreme Judicial District (Houston) affirmed appellant's conviction. *Elliott v. State,* 681 S.W.2d 98 (Tex.App.— Houston [14th] 1984). We granted appellant's petition for discretionary review in

order to examine the Court of Appeals' holding that probable cause existed for the issuance of a warrant to search appellant's residence.

The affidavit in support of the warrant [1] in the instant case was presented by Houston Police Department Vice Division Officer L.E. Doreck to Judge Joseph M. Guarino of the 183rd District Court in Harris County on November 20, 1981.

Since it is the information contained in the affidavit that, according to appellant, falls short of establishing probable cause, we will quote at length from that document:

"I, L.E. Doreck, a peace officer employed by the City of Houston Police Department assigned to the Vice Division do solemnly swear that I have reason to believe and do believe that Jack F. Elliott, a white male, D.O.B. 1/21/52, and other persons who are unknown to your affiant, are currently in the unlawful promotion of gambling to-wit: bookmaking, and are currently in the unlawful possession of gambling paraphernalia, including but not limited to, line sheets, recap sheets and betting slips within a location commonly known as 3601 Lazy Spring, Houston, Harris County, Texas. . . .

"MY BELIEF IS BASED UPON THE FOLLOWING FACTS:

"On October 22, 1981, your affiant was contacted by a confidential informant, who for reasons of personal safety and security shall remain unnamed throughout this affidavit, but who has given your affiant information on several past occasions concerning criminal activities and on each and every past occasion your affiant found this information to be true and correct. This informant stated to your affiant that he wished to meet with your affiant in order to relate to your affiant information concerning gambling activities. Based upon this request, and on the same date being October 22, 1981,

your affiant personally met with the aforementioned informant who stated to your affiant that a person, known to the informant, as Jack Elliott, was currently conducting an illegal bookmaking operation. The informant stated to your affiant that he, the informant, had been personally betting with Jack Elliott for the past several months and that he would contact Elliott by calling Telephone number 462–2019 and that Elliott would give your informant current line information on both college and professional football games as well as receive and record any bets which the informant wished to place with Elliott. The informant further gave your affiant a physical description of Elliott and said that Elliott was approximately 6' tall, 220 lbs with a beer belly and was in his late 20's.

"On October 23, 1981, your affiant met with Sgt. S.D. Plaster who is the Supervising Officer of the Gambling Squad of the Houston Police Department Vice Division, and relayed the aforesaid information to Plaster. Further, your affiant requested Plaster to contact the Southwestern Bell Telephone Company in order to ascertain billing information on telephone number 462–2019. Later that same date, Plaster related to your affiant that he, Plaster, had learned from Southwestern Bell Telephone Company that telephone number 462–2019 is an unlisted number installed at 3601 Lazy Spring, Houston, Texas, and is billed to Jack F. Elliott at that address. In addition thereto, your affiant contacted Houston Lighting and Power Company and determined that the utilities at 3601 Lazy Spring, Houston, Texas, were billed to Jack F. Elliott at that address and that the records of Houston Lighting and Power Company show that Elliott's phone number was 462–2019. Further, your affiant checked the records of the Houston Police Department Vice Division and learned that Jack Elliott had been arrest-

---

1. The warrant was a combination arrest and search warrant. It commanded the sheriff or any other peace officer to arrest appellant and search his residence for gambling paraphernalia.

ed on April 12, 1977 for promotion of Gambling and this arrest ·occurred at 3601 Lazy Spring.

"On October 25, 1981, your affiant again contacted the aforementioned informant who stated to your affiant that on that date, he, the informant, had called telephone number 462–2019 and talked with Jack Elliott. The informant went on to state that Elliott gave the informant current line information on both college and professional football games and the informant placed several bets with Elliott. On that same date, your affiant personally went to 3601 Lazy Spring, Houston, Texas, and found this to be a beige single story residence located on the Northwest corner of Lazy Spring Street where it intersects with Colleen Street. The house faces East on to Lazy Spring Street and has an attached carport on the Northern end of the house and has a wooden fence surrounding the backyard.

"On October 26, 1981, your affiant again spoke with the informant who stated to your affiant that he again called telephone number 462–2019 and again placed a bet with Jack Elliott.

"On November 1, 1981, your affiant again spoke with the confidential informant who stated to your affiant that he, the informant, again called telephone number 462–2019 and again placed a bet with Jack Elliott.

"On November 2, 1981, your affiant again spoke with the confidential informant who stated that he had again called telephone number 462–2019 and again placed bets with Jack Elliott on football games scheduled to be played.

"Your affiant had learned from Sgt. Plaster that telephone number 462–2019 had call forwarding capabilities. Prior to November 1, 1981, your affiant received Grand Jury subpoenas from the Harris County District Attorney's Office which were issued to the Southwestern Bell Telephone Company in· order to determine activation and final destination of calls originally going to telephone number 462–2019. As a result of the issuance of said subpoenas, your affiant had learned from Southwestern Bell Telephone Company that call forwarding was not activated on telephone number 462–2019 on either November 1 or November 2, 1981 and that all calls were received at 3601 Lazy Spring, Houston, Texas.

"On November 18, 1981, your affiant again spoke with the aforesaid confidential informant who stated to your affiant that Jack Elliott is still receiving and recording bets and can still be reached at telephone number 462–2019.

"Your affiant has related all of the aforesaid information contained in this affidavit to Sgt. S.D. Plaster. Your affiant personally knows that Plaster has been assigned to the Gambling Squad of the Houston Police Department for approximately seven years and has participated in hundreds of gambling investigations and arrests. Further, Plaster has stated to your affiant that it has been his experience that bookmaker[s] routinely keep gambling paraphernalia including, but not limited to, line sheets, recap sheets and bet slips inside of the premises where they are receiving and recording bets. Based upon the information received by your affiant and the investigation that your affiant has done in this case, coupled with Plaster's experience with gambling investigations, it is Plaster's opinion that Gambling paraphernalia is currently located in 3601 Lazy Spring, Houston, Harris County, Texas.

"WHEREFORE PREMISES CONSIDERED your affiant respectfully requests that a warrant issue authorizing your affiant or any other peace office of Harris County, Texas to enter the aforesaid residence located at 3601 Lazy Spring, Houston, Harris County, Texas, with the authority to search for and to seize any and all gambling paraphernalia that may be located therein.

"FURTHER, your affiant requests that this warrant include a warrant for the arrest of Jack F. Elliott and any other persons who may be found therein and who are either engaging in the unlawful

promotion of gambling or who may be in the unlawful possession of gambling paraphernalia."

The affidavit establishes the credibility of the unnamed informant by noting that he had "given your affiant information on several past occasions concerning criminal activity and on each and every past occasion your affiant found this information to be true and correct." *Avery v. State*, 545 S.W.2d 803 (Tex.Cr.App.1977); *Acosta v. State*, 403 S.W.2d 434 (Tex.Cr.App.1966).

The basis of the informant's knowledge that appellant was engaged in unlawful promotion of gambling was also plainly shown; the informant had himself received line information from and placed bets with appellant for several months prior to October 22, 1981. The informant placed further bets with appellant on October 23, October 26, November 1, and November 2, and on November 18, 1981 [2] related that appellant was still recording and receiving bets at the same telephone number. See *Moore v. State*, 456 S.W.2d 114 (Tex.Cr.App.1970).

The information as to the appellant's address was obtained by the affiant through double hearsay but credibility and basis of knowledge were present at each level of the hearsay. See *Hennessy v. State*, 660 S.W.2d 87 (Tex.Cr.App.1983).

No corroboration of the informant was needed but a minimal amount was provided through affiant's check with the telephone and utility companies, and police department records detailing appellant's prior arrest, at the address in question, for promotion of gambling.

Appellant's contention concerning the affidavit is that neither the affiant nor his informer ever *saw* any gambling paraphernalia on the premises in question. Moreover, appellant complains that Sergeant Plaster's expert opinion as to the likely presence of gambling paraphernalia at appellant's house should have been supplemented by Plaster's own independent investigation or personal observations.

We are unaware of any requirement that an informant or an affiant *must* have seen the items in the context of this case sought under a search warrant before the warrant can issue.

In the instant case, a credible affiant received line information and placed bets, that is, gambled, with appellant on many occasions over a period of several months. It is reasonable to assume that a suspect who is running a gambling operation out of his residence has gambling paraphernalia at the same location. Further, the assumption could have been made by any reasonable person, including a magistrate, not just someone with Sergeant Plaster's background.

Far from being deficient, the affidavit in the instant case showed careful preparation and concern for meeting relevant probable cause standards.

The judgment of the Court of Appeals is affirmed.

---

**2.** Though the affidavit does not state how the informant got his information on November 18, given the clear basis of the informant's knowledge on the *other* dates, it would be reasonable for a magistrate to assume that he obtained his knowledge in a reliable manner on the 18th. Moreover, given the informant's continued success *over a period of several months* at placing bets with appellant, and given the nature of the illegal operation allegedly being carried on in

appellant's house, the information in this case would not have been stale even if the informant's last bet had been placed on November 2. *Smith v. State*, 23 S.W.2d 387, motion for rehearing overruled 24 S.W.2d 1095 (Tex.Cr.App. 1930); *Rozner v. State*, 109 Tex.Cr.R. 127, 3 S.W.2d 441 (Tex.Cr.App.1928). See also the discussion in 1 W. LaFave, Search & Seizure, Sec. 3.7(a) (1978).