**Demetrio G. RODRIGUEZ, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. A14–85–730–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Aug. 28, 1986.

David R. Bires, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Calvin A. Hartmann, Elaine Bratton, Asst. Dist. Atty., Houston, for appellee.

Before J. CURTISS BROWN, C.J., and MURPHY and ROBERTSON, JJ.

## OPINION

MURPHY, Justice.

Appellant was charged with the offense of possession with intent to deliver heroin. After his motion to suppress was overruled, he entered a plea of nolo contendere and was found guilty by the court as charged. In accordance with the terms of a plea bargain, the court assessed punishment at eighteen years confinement in the Texas Department of Corrections. In three grounds of error, appellant complains that the trial court erred in failing to grant his motion to suppress. Appellant contends that: (1) the arresting officer had no reason to believe that he was about to escape; (2) he never committed an offense within the view of the arresting officer; and (3) the arresting officer did not have probable cause to effect the arrest. We affirm.

During the evening of October 9, 1984, Houston narcotics Officer R.E. Ashwood received a tip from a confidential informant whose information had proven reliable in the past. This informant had been working with Officer Ashwood for several days and had been attempting to locate appellant and his co-defendant. Thus prior to the October 9 tip which led to appellant's arrest, this informant had provided a tip that appellant was registered at a Howard Johnson's motel under the name of Albert Sanchez. When Officer Ashwood followed up on the tip appellant had already checked out of the motel. On the evening of October 9, 1984, this same informant contacted Officer Ashwood and informed him that appellant was located in room 122 at the Regal 8 Motor Inn on the North Freeway in Houston. That same evening Officer Ashwood went with this informant to the Regal 8 Motor Inn where the informant pointed out appellant's room and automobile. Officer Ashwood ran a check on the car and found that it was registered to Demetrio and Nellie Rodriguez. He also checked the room registration at the hotel and discovered that the room in question was registered to Mary Sanchez. That was the same last name that was used at the Howard Johnson's motel that he had checked out a few days earlier with the same informant. Officer Ashwood then contacted a second informant and requested that he go into the room at the Regal 8 and discern if appellant was present and in possession of heroin. Just before midnight that same evening the second informant reported back to Officer Ashwood and informed him that he had been in appellant's motel room and that he saw heroin that was being cut up and placed in small balloons. As soon as Officer Ashwood received this confirming information from the second informant he began drafting an affidavit in order to secure a search warrant.

At approximately 12:15 a.m. on October 10, a surveillance team was sent out to the motel while Officer Ashwood at the police station prepared forms to secure a search warrant. At approximately 1:15 a.m., the second informant called Ashwood again and provided additional information that appellant might be leaving the Regal 8 soon. The informant told Officer Ashwood that while he was in the motel room appellant told him that he would be changing motels. The informant failed to relay this piece of information to Ashwood during their earlier conversation.

Throughout the time that Ashwood was preparing to secure the warrant, he was in contact with officers at the scene who were maintaining surveillance. Officer Trumps was one of the officers at the scene maintaining surveillance, and he was situated so that he had a direct view of the motel room. Officer Hulett, who was also part of the surveillance team, received a call from Officer Ashwood who relayed the information that the suspects might be leaving the motel and to arrest them if they tried to leave. At approximately 2:00 a.m.,

Officer Trumps radioed Officer Hulett and informed him that the motel room door was open, the suspect's car was backed up to the door with the trunk open, and the driver's door was ajar. Trumps also reported that over a five to ten minute period of time appellant made several trips to the trunk of his car wherein he placed small packages. Several minutes later Hulett ordered that appellant be arrested immediately and that the premises be secured until Officer Ashwood secured the search warrant. In securing the premises the officers unloaded two guns that were in the motel room. A pat-down search of appellant at the time of his arrest also yielded $3,962.63. It is undisputed that no search for heroin was conducted until the search warrant was obtained.

At approximately 2:30 a.m., Officer Ashwood informed the officers at the motel that the warrant had been obtained and that they could proceed with a search of the motel room. Pursuant to the search warrant the officers seized nine grams of heroin which was packaged and several balloons which contained heroin. All of the heroin that was seized was discovered after the search warrant was obtained.

In his first and second grounds of error, appellant complains that the trial court erred in failing to grant his motion to suppress evidence because the officers made a warrantless arrest which he claims does not fall under any exception to the warrant requirement provided for by statute. In particular, appellant contends that neither the exception requiring that the officers had reason to believe he was about to escape, nor the exception requiring that an offense be committed within the view of the arresting officer is applicable to the facts surrounding his arrest.

█ Article 14.04 of the Code of Criminal Procedure provides one of the exceptions to the general rule which requires that an officer obtain a warrant before effecting an arrest. That statute provides that basically four requirements must be met: (1) the person who gives the information to the peace officer must be credible; (2) the offense must be a felony; (3) the offender must be about to escape; and (4) there must be no time to procure a warrant. TEX.CODE CRIM.PROC.ANN. art. 14.04 (Vernon 1977); *Fry v. State*, 639 S.W.2d 463, 469, 476 (Tex.Crim.App.1982). The statute requires only that "the officer was acting upon satisfactory proof from representations by a credible person that the felony offender 'is about to escape, so that there is no time to procure a warrant.'" *Fry, supra,* at 476. Article 14.04 does not require a showing that the offender in fact was about to escape or that there was in fact no time to procure a warrant. *Id.*

█ We have reviewed the record in this case and are unable to conclude that the arresting officers were not acting in accordance with satisfactory proof that appellant was about to escape. As discussed above, appellant was observed loading small items into the trunk of his car which was backed-up to his motel room door at 2:00 a.m. in the morning. This observation corroborated a reliable informant's tip that the suspects were going to change motels. Appellant emphasizes that Officer Trumps did not testify that he saw appellant carry clothes or suitcases to the car or observe him checking out of the motel. The fact that appellant was not in the act of escaping at the time of the arrest is not controlling. *See, e.g., Tarpley v. State*, 565 S.W.2d 525, 530 (Tex.Crim.App.1978).

As to the issue of the informant's credibility, the Supreme Court has adopted a "totality of the circumstances" analysis when reviewing the informant's credibility and basis of knowledge. *Illinois v. Gates*, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). Under this test, both an informant's veracity and basis of knowledge are "relevant considerations in the totality of circumstances analysis that traditionally has guided probable cause determinations: a deficiency in one may be compensated for, in determining the overall reliability of a tip, by a strong showing as to the other, or by some other indicia of reliability." *Gates*, 103 S.Ct. at 2329. In *Whaley v.*

*State,* 686 S.W.2d 950 (Tex.Crim.App.1985), the Court of Criminal Appeals adopted the "totality of the circumstances" test as promulgated in *Gates.* Thus, the *Gates* analysis must be applied to the facts of the instant case.

■. First, it is clear that the affidavit establishes the credibility and trustworthiness of the unnamed informant by noting that he had given information in the past which had proven to be reliable. *Elliott v. State,* 687 S.W.2d 359, 362 (Tex.Crim.App. 1985); *Avery v. State,* 545 S.W.2d 803, 804–05 (Tex.Crim.App.1977). Second, the basis of the informant's knowledge that appellant was in possession of controlled substances was also demonstrated in the affidavit with the statement that the informant had been in appellant's apartment on prior occasions and had seen and bought narcotics in his apartment. *See, e.g., Elliott v. State,* 687 S.W.2d 359, 362 (Tex. Crim.App.1985) (basis of informant's knowledge shown by fact that informant had received line information from and placed bets with the appellant on prior occasions); *Moore v. State,* 456 S.W.2d 114, 115 (Tex.Crim.App.1970) (basis of informant's knowledge shown by fact that informant previously purchased narcotics from the appellant). Furthermore, the information provided by both informants involved with the instant case was corroborated by Officer Ashwood's own investigation and by the surveillance team at the scene of the arrest.

■ We are of the opinion that the informant's tip coupled with the officers' independent corroboration of appellant's 2:00 a.m. activities in loading his car provide satisfactory proof to support the officers' belief that appellant was about to escape. Furthermore, as discussed above, we find that the information which led to appellant's arrest came from a credible source. Thus we hold that the exception provided in Article 14.04 is applicable and justifies appellant's warrantless arrest. Appellant's first ground of error is overruled. Because we are of the opinion that appellant's arrest was justified under the exception articulated in Article 14.04, we find it unnecessary to address appellant's second ground of error that an offense was not committed within the view of the arresting officer. It is not necessary that a warrantless arrest meet every exception provided for in the Code of Criminal Procedure. Appellant's second ground of error is overruled.

In his third ground of error, appellant complains that the trial court erred in failing to suppress the evidence obtained by the officers because they did not have probable cause to make the arrest. We disagree.

The test for probable cause for a warrantless arrest requires that:

[t]he knowledge of the arresting officer and of which he has reasonably trustworthy information would warrant a reasonable and prudent man in believing that a particular person has committed or is committing a crime.

*Hawkins v. State,* 660 S.W.2d 65, 70 (Tex. Crim.App.1983); *Clark v. State,* 686 S.W.2d 253 (Tex.App.—Houston [14th Dist.] 1985, pet. ref'd). A rule of "constructive knowledge" applies to warrantless arrest situations as it is the combined knowledge of all law enforcement personnel working together that determines whether probable cause to arrest exists. *See Esco v. State,* 668 S.W.2d 358 (Tex. Crim.App.1982).

■ We are of the opinion that the information possessed by all of the officers involved in appellant's arrest and the subsequent search, whether from the informants' tips or from independent corroboration, justifies a finding that the officers had sufficient probable cause to arrest appellant. As discussed above, the narcotics division received a tip from a reliable informant that appellant and his co-defendant were in possession of a large quantity of heroin. This tip was corroborated by a second informant who was in appellant's motel room and who saw appellant in the process of cutting heroin and placing it in balloons. Certainly this information would cause a "reasonable and prudent person" to believe that an offense had been commit-

ted thus providing a basis for a finding of probable cause. Furthermore, the officers had reason to believe appellant was about to escape. Thus not only did the officers have probable cause to arrest appellant, but also their belief in his imminent escape justified his warrantless arrest. Appellant's third ground of error is overruled. The judgment of the trial court is affirmed.