## J. H. Ferguson v. The State.

No. 11192.   Delivered November 30, 1927.

**Possessing Intoxicating Liquor—Affidavit for Search Warrant—Insufficient.**

A warrant to search a private dwelling, occupied as such, based upon an affidavit made upon information and belief, in which there is given no fact, circumstance or detailed information showing or tending to show that the dwelling is used for a purpose denounced by Art. 691 P. C., is invalid, and if evidence is secured by a search made upon a warrant secured by such an affidavit under Art. 727a, C. C. P., such evidence shall not be admitted against the owner of such dwelling upon his trial, secured by such search.

Appeal from the District Court of Eastland County.   Tried below before the Hon. Elzo Bean, Judge.

Appeal from a conviction for possessing intoxicating liquor for the purpose of sale, penalty four years in the penitentiary.

The opinion states the case.

*Chastain & Judkins,* for appellant.

*A. A. Dawson,* State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is possession of intoxicating liquor for the purpose of sale, the punishment confinement in the penitentiary for four years.

Operating under a search warrant, officers discovered at the private dwelling occupied by appellant and his family six half-gallon fruit jars of whiskey. Several jars of whiskey were discovered on appellant's premises in a chicken house, which was thirty or forty steps from the back door of the dwelling. An automobile driven by one Kelsey, in which appellant was riding, was also searched near appellant's dwelling, and several jars of whiskey taken therefrom.

The affidavit upon which the search warrant was issued was made by two persons upon information and belief, and the grounds of belief were not therein exhibited. Appellant timely objected to the testimony of the officers touching the results of the search, and excepted to the action of the court in admitting the testimony.

A warrant to search a private dwelling, occupied as such, based upon an affidavit made upon information and belief in which there is given no fact, circumstance or detailed information showing or tending to show that the dwelling is used for a purpose denounced by Art. 691 P. C., is unauthorized, and a search thereunder is illegal. Chapin v. State, 296 S. W. 1095.

An illegal search is penalized by statute. Art. 4a C. C. P.

Art 727a C. C. P. provides that "no evidence obtained in violation of the Constitution or laws of the State of Texas, or of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case."

It was error to admit, over appellant's objection, the testimony of the officers touching the results of the search made at appellant's private dwelling. Chapin v. State, supra.

For the error pointed out the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.