JERRY LUCAS V. THE STATE.

No. 11208.   Delivered April 4, 1928.

**Manufacturing Intoxicating Liquor — Affidavit for Search Warrant — Insufficient.**

Where an affidavit for a search warrant to search the private dwelling of appellant was made upon information and belief in which there is given no facts or circumstances, or detailed information showing or tending to show that the dwelling is used for a purpose denounced by Art. 691, P. C., and evidence secured as a result of such search was not admissible against appellant on his trial.   See Chapin v. State, 296 S. W. 1095, and Ferguson v. State, 300 S. W. 69.

Appeal from the District Court of Wilbarger County. Tried below before the Hon. Robert Cole, Judge.

Appeal from a conviction for manufacturing intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

No brief filed for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is manufacturing intoxicating liquor, the punishment confinement in the penitentiary for one year.

Operating under a search warrant, officers discovered a still in operation in a house occupied by appellant. Although appellant's wife, who had become sick, was at the home of John Lucas at the time of the raid, we think the record reflects the fact that the house entered by the officers was appellant's private dwelling. The wife of appellant was, according to one of appellant's witnesses, staying at the home of John Lucas during her illness.

The affidavit upon which the search warrant was issued was made upon information and belief and the grounds of belief were not therein exhibited. Appellant timely objected to the testimony of the officers touching the results of the search and excepted to the action of the court in admitting the testimony.

A warrant to search a private dwelling occupied as such, based upon an affidavit made upon information and belief in which there is given no fact, circumstance, or detailed information showing or tending to show that the dwelling is used for a purpose denounced by Art. 691, P. C., is unauthorized and a search thereunder is illegal. Chapin v. State, 296 S. W. 1095; Ferguson v. State, 300 S. W. 69.

An illegal search is penalized by statute.   Art. 4a, C. C. P.

Art. 727a, C. C. P., provides:

"No evidence obtained * * * in violation * * * of the Constitution or laws of the State of Texas, or of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case."

It was error to admit, over appellant's objection, the testimony of the officers touching the results of the search.

For the error pointed out, the judgment is reversed and the cause remanded.   .

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.