LEONA ROLLINS V. THE STATE.

No. 16282.   Delivered February 14, 1934.
Rehearing Denied March 14, 1934.
Reported in 69 S. W. (2d) 93.

580

The opinion states the case.

*H. A. Cline,* of Wharton, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is murder; the punishment, confinement in the penitentiary for two years.

It was charged in the indictment, in substance, that appellant, with malice aforethought, killed Steve Lipkin by shooting him with a gun.

The parties involved were negroes. Deceased and appellant had been living together in appellant's home. Shortly prior to the homicide a difficulty had arisen between the parties, in which deceased had attempted to throw a lamp at appellant. The result was that appellant ordered deceased to leave her home. Taking his clothing with him, deceased went to a neighbor's. As to the immediate circumstances surrounding the homicide, the state's testimony was, in substance, as follows: Appellant drove to the neighbor's house in her automobile and, upon entering the house, stated that she wanted a shirt deceased had carried away from her house. She said: "I am going to get the shirt because I bought it." Deceased, who was in another room taking a bath, told her not to take the shirt. Appellant then took the shirt and started away, but before leaving the house, fired a shot from a pistol into the room where deceased was bathing. Entering her automobile, appellant started home. Deceased came out of the house dressed in his undershirt and trousers and followed appellant down to the road. He stated that he was going to get his shirt or die. Appellant told deceased not to come to her house. As she reached home appellant

got out of her car and stepped upon the porch. Deceased came on toward her. At this juncture we quote from the testimony of one of the witnesses for the state as follows: .

"I watched him (deceased) go on down there then, and I couldn't understand what they were saying, after he got to her house, but I saw Leona (appellant) laying off her hands to him like this (indicating) and he just kept coming on, and I said to myself that I wasn't far enough, and I believe I will walk down the road a little closer, and I did and I seen her make a shot, and when she made the first shot, he broke and run right on to her, reaching out after her all the time, and when he finally fell, he was almost close enough to her to catch her; he just backed her back up on the gallery, and he was going full speed right in after her. I saw her shoot him four times, with a pistol. He fell at the last shot she made, and died where he fell."

Appellant testified that she went to the neighbor's house for the purpose of getting the shirt; that she did not take a pistol with her; that she found when she reached the house that deceased had taken her pistol away and had it in his coat pocket; that when she got the shirt she also took possession of her pistol; that while in the neighbor's house deceased attacked her with an axe, and she fired at him for the purpose of making him desist; that when he followed her to her home she told him to keep out; that deceased said he was going into the house or die; that he had one hand behind him and was coming toward her when she fired upon him the first time; that she believed he was going to kill her; that after she shot the first time he continued to advance until she had fired several shots.

Appellant insists that the evidence is insufficient to support the conviction, her position being that the proof on the part of the state discloses that she acted in self-defense when she fired the fatal shots. We are unable to agree with this contention. The question for the jury was whether appellant believed that she was in danger of death or serious bodily injury at the hands of deceased. Forrester v. State, 4 S. W. (2d) 966. The circumstances warranted the conclusion that the fatal shots were fired because deceased had come to the home of appellant when she had commanded him to remain away.

Bill of exception No. 1 complains of the refusal of the trial court to permit appellant to prove by a bystander that he thought when deceased was going down the road behind appellant's car that he intended to get killed or kill somebody. This testimony was inadmissible. Hanners v. State, 284 S. W., 554, and authorities cited.

In bill of exception No. 2 it is shown that appellant, for the

first time in her motion for new trial, made complaint of certain argument of the district attorney. It is shown in the bill that no objection was made to the argument at the time it was made. Manifestly, the matter is not subject to review by this court.

Failing to find error, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant urges that regardless of the fact that she made no complaint by exception, of the argument of the state's attorney, referred to in our former opinion, that its character was such as to be obviously harmful, and hence this court should take cognizance of same in the absence of an exception. Article 667, C. C. P., makes it obligatory upon one who wishes to complain of any procedure in the trial of a case, to take his proper exception, and if it be a matter relating to testimony, to tender his bill of exceptions "In order that such decision, etc., may be revised upon appeal." We are still of opinion, after again reviewing the facts, that same are sufficient to support the verdict.

The motion for rehearing will be overruled.

*Overruled.*