

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-13-00852-CR

Guadalupe Flores **QUIROZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 186th Judicial District Court, Bexar County, Texas
Trial Court No. 2013CR1774
Honorable Maria Teresa Herr, Judge Presiding

Opinion by:    Catherine Stone, Chief Justice

Sitting:        Catherine Stone, Chief Justice
                Marialyn Barnard, Justice
                Luz Elena D. Chapa, Justice

Delivered and Filed: June 11, 2014

AFFIRMED

Guadalupe Quiroz was charged by indictment with possession of a controlled substance with the intent to deliver. Following the trial court's denial of his motion to suppress, Quiroz pled guilty pursuant to a plea bargain agreement. The trial court sentenced Quiroz to ten years' imprisonment and assessed a $1,500 fine. Quiroz appeals the trial court's denial of his motion to suppress. We affirm the trial court's judgment.

## BACKGROUND

Bexar County Deputy Sheriff Justin Klaus received a tip from a confidential informant that Quiroz possessed cocaine at 313 W. Wildwood Drive. Deputy Klaus obtained a search warrant for the home at that address by submitting an affidavit to a magistrate. The affidavit provided, in relevant part:

> Affiant did on September 3rd, 2012 receive information from a credible and reliable person, herein after [sic] known as informant, concerning narcotics being possessed at the above location by Guadalupe Quiroz.
>
> The informant has requested anonymity because of a concern for his/her safety. Your affiant agrees with the informant that the disclosure of his/her identity would be dangerous to the informant's safety and might also jeopardize future investigations.
>
> *The informant has given affiant information in the past regarding the trafficking of controlled substances which has proven to be true and correct and has demonstrated his/her ability to identify Cocaine and the paraphernalia related to its ingestion, packaging and sale.*
>
> Affiant has advised the informant that false statements would lead to criminal charges being filed against him/her for giving false information to a peace officer. The informant understood the legal implications, and maintains that the information he/she provided your Affiant is correct.
>
> *The informant stated he/she did within the past 36 hours from today see a controlled substance to wit: Cocaine unlawfully possessed by Guadalupe Quiroz at the above described premises.* The informant described the residence and provided the address to Affiant. Affiant went to the address provided. The informant accurately described the premises as detailed.

(emphasis added).

Deputy Klaus and several other law enforcement officers executed the search warrant at the home on Wildwood and discovered Quiroz inside. After being informed of his *Miranda* rights, Quiroz stated that cocaine was in the house, which he purchased for the purpose of re-selling. A substance discovered by Deputy Klaus on the dining room table field-tested positive for cocaine.

Quiroz was arrested. Subsequent testing by the crime lab confirmed the substance was 9.372 grams of cocaine.

## STANDARD OF REVIEW

When reviewing a trial court's motion-to-suppress ruling concerning a magistrate's decision to issue a search warrant, we employ a "highly deferential standard of review" to determine whether the magistrate had a "substantial basis" for finding probable cause. *Bonds v. State*, 403 S.W.3d 867, 873 (Tex. Crim. App. 2013). "The magistrate may interpret the affidavit in a non-technical, common-sense manner and may draw reasonable inferences solely from the facts and circumstances contained within the affidavit's four corners." *Id.* Our inquiry does not concern "whether there are other facts that could have, or even should have, been included in the affidavit; we focus on the combined logical force of facts that *are* in the affidavit, not those that are omitted from the affidavit." *Rodriguez v. State*, 232 S.W.3d 55, 62 (Tex. Crim. App. 2007) (emphasis in original). Interpreting the affidavit in this manner, we "defer to all reasonable inferences that the magistrate could have made," to determine whether probable cause existed. *Id.* at 61. This deference to the magistrate "does not mean the reviewing court should be a rubber stamp but does mean that the magistrate's decision should carry the day in doubtful or marginal cases, even if the reviewing court might reach a different result upon de novo review." *Flores v. State*, 319 S.W.3d 697, 702 (Tex. Crim. App. 2010) (quoting W. LaFave, Search and Seizure: A Treatise on the Fourth Amendment § 11.7(c) at 452 (4th ed. 2004 & Supp. 2009-2010)).

## DISCUSSION

The Fourth Amendment of the U.S. Constitution and Article I, Section 9 of the Texas Constitution, provide that a search warrant shall not be issued absent a magistrate's finding that there exists probable cause that a particular item will be found in a particular location. *Rodriguez*, 232 S.W.3d at 60. The probable cause standard is "flexible and nondemanding." *Id.* (internal

citations omitted). "Probable cause exists when, under the totality of the circumstances, there is a 'fair probability' that contraband or evidence of a crime will be found at the specified location." *Id.* (quoting *Illinois v. Gates*, 462 U.S. 213, 238 (1983)). Although the law does not define precisely what degree of probability is required, it "cannot be based on mere conclusory statements of an affiant's belief." *Id.* at 61.

Quiroz contends the affidavit lacks sufficient information to establish probable cause because the affidavit: (1) does not clearly establish that the informant's information was timely; and (2) lacks information establishing the credibility of the confidential informant.

### A. *Information Establishing Timeliness of Informant's Observations*

A magistrate's probable cause finding may not be based upon untimely or "stale" information contained in an affidavit. *See Crider v. State*, 352 S.W.3d 704, 707 (Tex. Crim. App. 2011). The "proper method to determine whether the facts supporting a search warrant have become stale is to examine, in light of the type of criminal activity involved, the time elapsing between the occurrence of the events set out in the affidavit and the time the search warrant was issued." *Id.* (quoting *McKissick v. State*, 209 S.W.3d 205, 214 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd)). A related, but distinct issue, concerns whether the affidavit contains sufficient information from which the magistrate could determine whether the observations stated in the affidavit were timely. *See Jones v. State*, 364 S.W.3d 854, 861 (Tex. Crim. App. 2012). A magistrate's finding of probable cause is defeated "when a court cannot ascertain whether or not the information is stale." *Id.*

Deputy Klaus swore to the affidavit before the magistrate on September 7, 2012 at 6:55 A.M., and the search warrant was issued and executed on that day. The affidavit states that Deputy Klaus received information from a confidential informant on September 3, 2012 "concerning narcotics being possessed at the above location by [Quiroz]." In a later paragraph, Deputy Klaus

states: "The informant stated he/she did within the past 36 hours from today see a controlled substance to wit: Cocaine unlawfully possessed by [Quiroz] at the above described premises." Quiroz contends that the affidavit is ambiguous as to whether the informant observed Quiroz in possession of cocaine on more than one occasion. Because the affidavit does not contain the date that the affidavit was prepared, but only the date that it was sworn, Quiroz contends that the tip Deputy Klaus received "36 hours from today" could have been the same tip he received on September 3, 2012.[1] Quiroz contends that a single tip on September 3, 2012 would have been stale when the warrant was issued. Thus, Quiroz complains that the ambiguity in the affidavit prevented the magistrate from determining whether the information contained in the affidavit was stale.

Interpreting the affidavit in a "non-technical, common-sense manner," the magistrate could have inferred that Deputy Klaus's reference to "today" referred to the date of the affidavit, September 7, 2012. *Bonds*, 403 S.W.3d at 873; *see Capistran v. State*, 759 S.W.2d. 121, 127–28 (Tex. Crim. App. 1982) (interpreting information observed by an informant "within the past seventy-two hours" to mean within seventy-two hours of the date of the affidavit). Because September 3, 2012 was more than thirty-six hours before September 7, 2012, the magistrate could have logically concluded that Deputy Klaus received two separate tips. Accordingly, we conclude that the affidavit contained sufficient facts from which the magistrate could determine the information was not stale.

---

[1] Deputy Klaus testified at the motion to suppress hearing that he received two separate tips: one on September 3, 2012 and another in the thirty-six hours prior to September 7, 2012. As our review is limited to the four corners of the affidavit, we do not consider Deputy Klaus's testimony in addressing this argument. *Massey v. State*, 933 S.W.2d 141, 148 (Tex. Crim. App. 1996).

*B. Credibility of Confidential Informant*

Information communicated to police from a confidential informant may be sufficient to establish probable cause for a search warrant if the reliability and credibility of the informant is supported by a totality of the circumstances. *Dixon v. State*, 206 S.W.3d 613, 616–17 (Tex. Crim. App. 2006). The magistrate may consider the veracity of the informant's tip, the informant's basis of knowledge, whether the informant provided reliable information in the past, whether the informant provided verifiable details, and whether police corroborated the information independently. *Id.* at 616–18.

In *State v. Duarte*, the search warrant affidavit was based on a tip from a first-time confidential informant that Duarte had possessed cocaine at a particular address within the past twenty-four hours. 389 S.W.3d 349, 352, 355 (Tex. Crim. App. 2012). Although the informant provided a "timely, first-hand tip," the tip lacked detail, such as the quantity and specific location of the cocaine, and police failed to corroborate the tip, except to confirm Duarte's address. *Id.* at 359–60. The Court held that "tips from anonymous or first-time confidential informants of unknown reliability must be coupled with facts from which an inference may be drawn that the informant is credible or that the information is reliable." *Id.* at 358. The Court concluded that the tip did not create a substantial basis upon which a magistrate could find probable cause. *Id.* at 360. The Court, however, distinguished between first-time confidential informants and confidential informants with a "track record" of providing reliable information:

> The tip was: 'The credible individual stated that he/she had observed [Duarte] in possession of cocaine within the past twenty-four hours at 10919 Indigo Creek.' That is it.
>
> That may be enough if the informant has a track record and is known to reliable. We have held as much. In *Hegdal v. State*, 488 S.W.2d 782 (Tex. Crim. App. 1972), probable cause was based solely on an affiant's receipt of information from a confidential informant that the informant had personally observed methamphetamine 'at the above described location within 48 hours of the date of

the making of this Affidavit.' *Id.* at 784. We held that the tip supported the magistrate's finding of probable cause. But the tip was not from a first-time informant. Rather, included in the four-corners of the affidavit was the averment: 'Affiant has received information from said reliable and credible informant on previous occasions and such information has proven to be true and correct.' *Id.*

*Id.* at 359 n.44.

The affidavit in this case is substantially similar to the affidavit in *Hegdal*. The affidavit declares that a confidential informant told Deputy Klaus that the informant personally observed Quiroz possess cocaine at a specific address within the past thirty-six hours. Although the information was timely and based on a first-hand observation, it lacked specific detail as to the location and quantity of the cocaine, and was not corroborated by police. Nevertheless, the *Duarte* Court noted that an informant's tip lacking in this regard may be reliable "if the informant has a track record and is known to be reliable." *Id.* The Court noted that the "track record" of the informant in *Hegdal* was established by a declaration in the affidavit that the informant had provided information on previous occasions that was proven to be true and correct. *Id.*

In Deputy Klaus's affidavit, he stated: "[t]he informant has given affiant information in the past regarding the trafficking of controlled substances which has proven to be true and correct and has demonstrated his/her ability to identify Cocaine and the paraphernalia related to its ingestion, packaging and sale." Although an informant's track record may be established by a declaration that the informant's past information led to convictions, *id*. at 357–58, information that did not lead to convictions may still be reliable. In the context of information related to drug activity, "[a]ll that is required is a statement that the informant has provided information in the past regarding narcotics trafficking, and that information proved correct." *Pool v. State*, 157 S.W.3d 36, 45 (Tex. App.—Waco 2004, no pet.). In *Torres v. State*, the Court held that a declaration within an affidavit that "affiant received information from a reliable and credible person who has given information in the past regarding narcotic traffic which has proven to be true and correct,"

was sufficient to establish the credibility of a confidential informant.  552 S.W.2d 821, 823 (Tex. Crim. App. 1977); *accord Elliott v. State*, 687 S.W.2d 359, 362 (Tex. Crim. App. 1985); *State v. Walker*, 140 S.W.3d 761, 766 (Tex. App.—Houston [14th Dist.] 2004, no pet.); *Blake v. State*, 125 S.W.3d 717, 726 (Tex. App.—Houston [1st Dist.] 2003, no pet.).  Likewise, the declaration in *Hegdal*, cited with approval by the *Duarte* Court, was sufficient to establish the informant's reliability, even though it did not state that the informant's past information led to convictions. *See Duarte*, 389 S.W.3d at 359 n.44 (quoting *Hegdal*, 488 S.W.2d at 784) ("Affiant has received information from said reliable and credible informant on previous occasions and such information has proven to be true and correct.").

In addition to the declaration concerning the informant's past performance, the affidavit also includes information supporting the informant's basis of knowledge.  The affidavit states that the informant personally observed Quiroz possessing cocaine at a particular location on two occasions and that the informant has demonstrated an ability to identify cocaine and its paraphernalia.  Based on *Duarte* and *Hegdal*, we conclude that the affidavit contained sufficient facts from which the magistrate could have determined that the informant was reliable.

## CONCLUSION

We hold that there was a substantial basis upon which the magistrate could have determined the existence of probable cause.  The judgment of the trial court is affirmed.

Catherine Stone, Chief Justice

DO NOT PUBLISH